GEORGE S. RIVES, plaintiff in error, v. CHARITY LAWRENCE, defendant in error.

(Atlanta, June Term, 1870.)

IMPLIED TRUST—TITLE OBTAINED BY FRAUD—SPECI-FIC PERFORMANCE*—STATUTE OF FRAUDS.—Where A has knowledge that B, a female, expects to attend an administrator's sale to purchase a tract of land, and he and a relative of hers, at her request, promise to call for her at the hotel and accompany her

*IMPLIED TRUST—TITLE OBTAINED BY FRAUD—SPE-CIFIC PERFORMANCE.—Where titles are obtained by fraud an implied trust is created and upon offering to refund the purchase money with interest, a court of equity will compel the acceptance of the indemnity and an execution of a deed to the property so fraudulently obtained. Johnson v. Giles, 69 Ga. 652, citing Adams v. Jones, 39 Ga. 509; Rives v. Lawrence, 41 Ga. 283.

A bill for specific performance alleged that complainant had purchased certain land and subsequently sold it, receiving a part of the purchase money and taking a mortgage for the balance; that C., an attorney, had in his hands a fi. fa. against complainant's vendor on which was due about $140 and was proceeding against the land; that complainant could and would have protected himself but for the assurance of C., that he would have the land sold under this fi. fa.,

to the sale, and he fails to do so, but tells her relative and friend, before, and at the time the land is exposed to sale, that instead of going for her, he will bid off the land for her, and her relative having received this assurance, does not go for her; and A bids off the land, and tells several persons immediately afterwards that he bid it off for her:

284        *Held, That it is a fraud upon her rights for him to take the title in his own name, and refuse, on her offer to comply with the terms of the sale, to convey it to her. In such case the law raises an implied trust in her favor, and a Court of Equity will, on her offer to comply fully with the terms of the sale and save him harmless, compel him to accept the indemnity, and execute a deed to her for the land, or hold it in trust for her benefit. In such case the statute of frauds does not apply.

Statute of Frauds. Resulting Trusts. Before Judge Andrews. Hancock Superior Court. April Term, 1870.

This was a bill by Mrs. Lawrence praying that Rives should be declared her trustee for certain land which he claimed adversely to her, because of certain facts averred by her, and which are fully reported in the opinion. She and two other witnesses testified to the facts as charged, and another witness testified that at and just after the sale, he proposed to buy the property from Rives, and he said he could not sell it because he had bought it for Mrs. Lawrence. Here the complainant's counsel rested the cause.

Defendant's counsel then moved to dismiss the bill, upon the ground that there was no equity in it which entitled her to relief. This was overruled. Rives then testifying, flatly contradicted all that complainant and her witnesses had

---

bid it in for complainant, and deliver the title to the latter on payment of the amount due on such fi. fa.; that relying on such assurances he took no steps in the matter that C. instead of carrying out the agreement went to the sale, caused it to be made under another fi. fa., which he had assured complainant would not interfere with the land, bought it, took title in his own name and refused to receive the amount due out of the first fi. fa. as agreed; it was held that there was equity in the bill and it was error to dismiss the same on demurrer. Moye v. Clarke, 69 Ga. 750, citing Rives v. Lawrence, 41 Ga. 283. See also, citing the principal case, Mathews v. Starr, 68 Ga. 523.

SAME — FRAUD — PAROL AGREEMENT — STATUTE OF FRAUDS.—An agreement resting wholly in parol whereby one promises to sell to another an interest in land upon tender within a given time of a specified amount, is within the statute of frauds and a resulting trust does not arise in favor of the party to whom such promise is made merely because on the faith thereof, he abandons pending negotiations between himself and the owner of the land and consents that the person making the promise shall himself purchase the land and take title thereto in his own name. There is no merit in the suggestion of counsel that if the vendor intended to deceive the vendee and get him out of the way by appearing to act for him, this would raise an implied trust in the vendee's favor and compel the execution of a deed by the vendor. In this connection, attention is called to § 3159 of the Civil Code, and to the cases of Adams v. Jones, 39 Ga. 479; Rives v. Lawrence, 41 Ga. 283; Johnson v. Giles, 69 Ga. 652; Lyons v. Bass, 108 Ga. 577, 34 S. E. Rep. 721.

Rives v. Lawrence

testified to, said he had not seen her nor had any arrangement with her until after he had bought the land for himself, and then offered to rent or sell it to her, and that she did go in as his tenant. To support this, he testified to certain conversations had with her brother, as to buying or renting the land, and Rives' son testified also to said conversations. On the other hand, her brother denied having such conversations, and she testified that she took possession by Rives' permission, but not as his tenant but in pursuance of his agreement to buy the land for her. It appeared that they were relatives by consanguinity, that Rives bought the land at $750 00, and offered to let her have it for $1,500 00.

The Judge charged the jury that if her version was true, she should recover, but if Rives' was, she should not, and that the burden was upon her to satisfy the jury by a preponderance of evidence on her side, explained the nature of *resulting trusts, and further charged, as is recited hereinafter.

The jury found for complainant. Rives' counsel moved to set aside the verdict, upon the grounds hereinafter stated; that motion was overruled, and it was decreed that upon payment to him of the original bid and interest, he should hold said title in trust for complainant. Rives sued out a writ of error, averring that the Court erred, 1st, In not dismissing the bill; 2d, In charging that the case made by complainant was not within the Statute of Frauds; 3d, In charging that "trusts under such cases as the present would result without any contract," and "trusts are creatures of equity not depending on contracts;" 4th, In placing this case on the same principles with a class of cases wholly different in principle from this case; 5th, In charging "in the present case, if the case required, the Court would charge, that if Rives used any device or trick to keep complainant from bidding and bid the property off for himself, such fraud would, by law, make him a trustee in equity, if complainant should so elect; but this case not requiring to be put on that ground only, I am clearly of opinion that if complainant's version of the transaction be true, she has a right to elect that Rives be considered her trustee as to the property purchased and mentioned in the pleadings, because it appears by her evidence, if believed, Rives promised with her brother to send for her when the bidding should come off, that when it did come off defendant agreed with said brother that it would be unnecessary to send for her, and that defendant, at request of said brother, promised to bid off said land for her, that he did so bid it off and afterwards admitted that he had bid it off for her, and would make her title to said land;" 6th, In charging that "Rives, by bidding off said land for complainant, constituted himself her agent, whether he agreed to be such or not, if she chose to ratify such agency, which she afterwards did, if the evidence introduced by her is to be believed, and upon payment of the purchase-money by her, Rives

should be held as trustee of said land for her;" 7th, In not setting aside the verdict upon the motion to rest the judgment.

286    *Tombs & DuBose, George F. Pierce, Jr., C. W. DuBose, for plaintiff in error.

Linton Stephens, William Reese, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

The jury having found for the complainant in the Court below, who is defendant in error in this Court, we are to accept the charges made in her bill and the evidence on her side as the true statement of the case, which is substantially as follows: The complainant was a widow, and on the sale day in December, 1868, in the town of Eatonton, a tract of land held by her husband at the time of his death, under a parol gift from his father, was exposed to sale by the administrator of David L. Lawrence, the father of complainant's said husband. Mrs. Lawrence, the complainant, attended on the day of sale for the purpose of bidding for the land, prepared to comply with the terms of sale. At the hotel she met the defendant, Rives, and her relative, David L. Lawrence. She told them she had come to bid for the land, and requested them to come to the hotel and let her know when it was exposed for sale. This they promised to do, and to accompany her to the place of sale, as she expressed a wish to be present at the bidding. She remained at the hotel, relying on them to come for her; but they did not come. About ten minutes before the sale commenced, Lawrence met Rives in the street, and said, it would be improper, he thought, for Mrs. Lawrence to appear in the large crowd, as a bidder; and remarked that, if he, Rives, would bid off the land for her, it would be unnecessary to go to the hotel after her, and that he, Lawrence, would not go for her, if Rives would agree to bid it off for her. Rives agreed that it would be improper for her to appear at the sale, in the large crowd, and that, instead of going to the hotel after her, he would bid off the land for her. And when the crier announced the land for sale, Lawrence again approached Rives, and asked him if he would bid off the land for Mrs. Lawrence,
287    instead *of going to the hotel for her, and he replied he would. And immediately after the sale he told several persons he had bid it off for Mrs. Lawrence. On the same day, Mrs. Lawrence, the complainant in the bill, saw the defendant, Rives, and informed him, she expected to take the land and was prepared to comply with the bid. He replied, it was too late then to attend to the business, but he would come to her house next Thursday and stay till Sunday, and they would fix it all up. He did not go as he promised, and, afterwards, denied that he purchased the land for her, or as her agent. He took the title in his own name, and refused

to transfer it to her, on her offer to comply with the terms of the sale and save him harmless.

Upon this state of facts, the jury found for the complainant, and the Court decreed that, upon her paying over to the defendant the amount bid him for the land and interest thereon, according to the terms of the sale, he, the defendant, should hold said land as her trustee for her use and benefit. Upon this decree and the charge of the Court on the trial, error is assigned, on the ground that the contract, if any existed, was for the purchase of land, and was not in writing signed by the party to be charged therewith, and that the agency was expressly denied by the defendant. And it is claimed that the case falls within the statute of frauds.

The counsel in this Court reviewed with much learning and ability the authorities on both sides of the question. But we do not find it necessary to follow them in this review. We think the right of recovery in this case results from the fraudulent conduct of Rives, the defendant, and that the statute of frauds has no application.

In section 3116 of the Revised Code fraud is said to be actual on constructive. "Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission contrary to legal or equitable duty, trust or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, *can not enjoy the beneficial interests, without violating some established principle of equity, the Court will declare him a trustee for the person beneficially entitled, if such person has not waived his right by subsequent ratification or long acquiescence:" Revised Code, section 3138. In other words, the law in such case implies a trust, and holds the person having the legal title to be a trustee for the person beneficially interested. "Implied trusts are such as are inferred by law from the nature of the transaction, or the conduct of the parties:" Revised Code, section 2283. A trust is implied "where, from any fraud, one person obtains the title to property which rightly should belong to another:" Revised Code, section 2290.

We think the facts in this case, as found by the jury, show that Rives resorted to artifice to deceive Mrs. Lawrence and her friends, and that he violated the confidence which she reposed in him, when he failed to go for her himself and prevented her relative from informing her of the time of sale and enabling her to be present to bid, by professing to act as her agent in bidding off the land. If he had kept his promise and had gone and accompanied her to the place of sale, when the property was about to be exposed at public outcry, or if he had informed her relative, Mr. Lawrence, that he should

bid for himself, she would have been present, and would no doubt have bid off the land herself, or have made him pay higher for it. By professing to act for her, he kept her away, and he can not now, by denying the agency, take the benefit of this fraudulent act, and protect himself by the statutes of frauds. He has by artifice and deception obtained the legal title to property of which he can not enjoy the beneficial interest, without violating well established principles of natural as well as legal equity, and the law assigns him the position of trustee for the benefit of the injured party.

Was parol evidence admissible to establish the title of the complainant? We think the Code settles this question. Section 2291 declares that, "in all cases where a trust is sought to be implied the Court may hear parol evidence 289    of *the nature of the transaction or the circumstances, or conduct of the parties, either to imply or rebut a trust." Here an implied trust was sought to be established on account of the fraud of the defendant, and we are satisfied parol evidence was admissible for that purpose. The jury in effect found that the fraud had been committed, and that the implied trust existed, and we will not disturb their verdict.

Judgment affirmed.