## MITCHELL *et al. v.* FULLINGTON.

83   301
99   527

83   301
120  1078

1. A deed from the plaintiffs in an action of complaint for land to the defendant, not having been made under §1969 of the code, but being a deed absolute on its face and accompanied with possession of the property by defendant, could not, under the state of the pleadings, be proved by parol to be only a mortgage given for the purpose of securing a debt. It not appearing whether the evidence offered was parol or not, nor that the plaintiffs tendered the deed so as to inform the court of its terms, it cannot be held that the court erred in rejecting such evidence.
2. A simple prayer for cancellation of a deed, without showing the ground upon which the prayer is predicated, is not sufficient. The deed should be described, and it should be stated when and by whom it was made, its terms and consideration; and the prayer here should have set out facts showing that it was made as security for a debt, and that the debt had been paid.
(a) If the deed were made as security for a debt which plaintiffs have paid, they would be entitled to recover the land in a proper action.
July 8, 1889.

Deeds. Debtor and creditor. Equity. Mortgages. Evidence. Pleadings. Amendment. Cancellation. Before Judge KIBBEE. Dooly superior court. September term, 1888.

Reported in the decision.

DUNCAN & MILLER, by brief, for plaintiffs.

MARTIN & SMITH and J. B. HOLMES, for defendant.

SIMMONS, Justice.

Mitchell and his wife Rebecca, in their own right, and Mitchell as trustee under the homestead laws for his wife and minor children, all constituting his family, brought complaint against Fullington for a tract of land, claiming the land as part of a homestead set apart to them on January 12th, 1870. On the trial, the original homestead papers were offered in evidence, and were objected to by the defendant upon several grounds. The court sustained the objection. The plaintiffs then offered to amend by striking the names of all the bene-

ficiaries under the homestead except Mitchell and his wife. Whether this amendment was allowed or not does not appear from the record. If it was disallowed, the record does not show that any exception was taken to its rejection. The plaintiffs offered to show by proof that the deed held by Fullington had been made to him by Mitchell and his wife as security for a debt, and that the debt had been paid before the commencement of the suit. They further offered to amend the declaration and pray for a cancellation of the deed made to Fullington before the commencement of the su t. The court rejected the evidence and refused to allow the amendment; to which ruling the plaintiffs excepted. The court then granted a nonsuit.

1. The only grounds of error assigned in the bill of exceptions are, the rejection of the evidence offered to show that the deed was made as security for a debt, and that the debt had been paid, and the refusal to allow the amendment praying for cancellation. There was no error in rejecting the evidence offered, under the facts disclosed in the record. The record does not show whether the deed made by Mitchell and his wife to Fullington was made under section 1969 of the code or not, If made under that section, Fullington should have executed a bond for titles to Mitchell and his wife. The record does not show that such a bond for titles was given by Fullington. Nor does it show that the plaintiffs tendered the deed to Fullington in evidence so as to inform the court of the terms of the deed. Nor does it show whether the evidence offered was parol or documentary. Nor does it show whether or not the plaintiffs retained possession of the land when they made the deed to Fullington. Judging from the facts disclosed in the record, the deed was not made under section 1969 of the code. If not made under that section, but made for the purpose of securing a debt, it

would be what was known before the passage of the act embodied in section 1969, as an equitable mortgage, conveying the title of the land to Fullington, with the equitable right of redemption on the part of Mitchell and his wife when they paid the debt to Fullington. From what we can gather from this meager record, the deed to Fullington was absolute on its face, and accompanied with possession of the property by Fullington. If it was an absolute deed and Fullington had possession of the land, then under section 3809 of the code it could not, under the state of the pleadings in this case, be " proved by parol evidence to be a mortgage only." And as said before, this record does not show whether the evidence offered was parol or not.

2. Nor was there any error in refusing the amendment offered praying for a cancellation of the deed. This prayer was the only amendment proposed which was disallowed, according to the record. A simple prayer for cancellation, without showing the grounds upon which the prayer is predicated, is not sufficient. The amendment should have described the deed, when the deed was made, by whom it was made, the terms thereof, and the consideration. It should have shown that the deed was made as a security for a debt, and that the debt had been paid. It was not sufficient simply to pray for a cancellation without describing the deed or giving any reason in the amendment for its cancellation.

In affirming this judgment, we do not intend to intimate that the plaintiffs have no right of recovery if the deed was made as security for a debt and they have paid off the debt. If these facts are true, and if they commence the proper action, they would be entitled to recover the land.                    *Judgment affirmed.*