### Bailey, guardian, et al. v. Layfield et al.

Atkinson, J. U. H. Layfield executed his will on October 23, 1901, and died in 1913. The will provided that after payment of the testator's debts his real estate should be divided equally between his five children and wife, naming them, "share and share alike." J. M. Layfield, one of the sons, was appointed sole executor. Maud Bailey, one of the daughters, predeceased the testator, leaving two minor children, for whom a guardian was appointed. John W. Layfield, another son, died subsequently to the death of the testator, and left two minor children, for whom a guardian was appointed. After payment of all debts and sale of all the personalty and realty belonging to the estate except the "Hutchinson place," and distribution of the proceeds of sale among the legatees, there remained the "Hutchinson place" which contained about 265 acres of land of the value of $7621. This property was advertised to be sold by the executor at the public-sales day in November, 1916. Immediately before the sale there was a meeting of the devisees, with the exception of the guardian for the minor children of John W. Layfield, at which it was agreed by all those present that P. H. Layfield, another son of the testator and one of the devisees, should in behalf of all the devisees bid in the property unless there should be another bid that exceeded $7621, and that if P. H. Layfield became the successful bidder he should take title from the executor and convey the same in parcels to the devisees as parts of their devises, title being held by him in trust for them in the meantime.

The share of the Bailey children was specified as being 88.44 acres. The sale was had; and P. H. Layfield being the only bidder, the property was knocked off to him at $5000. A deed was duly executed by the executor to P. H. Layfield. The latter refused to execute a deed to the guardian of the Bailey children according to the agreement. To the April term, 1919, of the superior court, the guardians of the two sets of minor children above mentioned brought an action against the executor and P. H. Layfield and the other devisees. The petition alleged all that is stated above; and further, that "petitioners . . tender in court to the said J. M. Layfield and P. H. Layfield . . the sums of money received by each from the proceeds of the alleged sale, . . received by them for their . . wards," and that the sale was made through collusion between the heirs and the executor, and is void especially as to the children of John W. Layfield. There was no allegation that these children were parties to the agreement. On the contrary it was alleged, in paragraph 13 of the petition, that their guardian "knew nothing of said agreement, is not bound thereby; and although he received a portion which he afterwards learned to be a portion of the proceeds of said sale, however he had nothing to do with the said sale and is not bound thereby." Other allegations were, that, if the sale was valid, the children of Bailey are entitled to a deed to 88.44 acres in virtue of the above-mentioned agreement; if the sale is valid, P. H. Layfield became a trustee for all the devisees of the estate in proportion to their several interests, and should be required to execute a deed declaring such trust. Prayers were made, for (1) cancellation of the executor's deed, and that title to the property be vested in P. H. Layfield as trustee for the devisees of the estate; (2) if the agreement and sale should be held valid, then a decree be entered (a) declaring that P. H. Layfield is trustee for the use and benefit of the devisees under the will, (b) that P. H. Layfield be required specifically to perform that portion of the agreement which obligated him to convey to the Bailey children 88.44 acres of the "Hutchinson place;" and (3) for general relief. The judge dismissed the case on general demurrer to the petition, and the plaintiffs excepted. *Held:*

1. The petition alleging a sale by the executor, we presume, in the absence of an allegation to the contrary, that it was authorized by the proper order of the court of ordinary. In these circumstances it is unnecessary to decide whether under the terms of the will the land should have been divided in kind.

2. Neither the purchaser of these lands, the executor, nor the other distributees under the alleged agreement by which the purchaser was to bid it in for all the distributees under the will, can attack such agreement as invalid on the ground that the guardian of certain minor distributees was without authority under the law to make the same. The purchaser, executor, and other distributees would be estopped from setting up want of authority of the guardian to make such contract, whether the guardian was authorized to make the same or not. Civil Code, § 4234; *Smith* v. *Smith*, 36 *Ga.* 184 (91 Am. D. 761); *Groover* v. *King*, 46 *Ga.* 101; *Moore* v. *Carey*, 116 *Ga.* 28 (42 S. E. 258). Therefore the contract must be treated as a valid contract.

3. The above agreement was not fraudulent and void on the ground that it amounted to a collusion between the purchaser and certain of the

distributees, the effect of which was to suppress bids for the property and suppress its price; but on the contrary it was made to protect the interest of the distributees by making the property bring at least the amount mentioned in such agreement.

4. The purchase of these lands by P. H. Layfield under such agreement created in behalf of the Bailey children an implied trust, and the purchaser should be held and decreed to be a trustee holding their share of this land in trust for them. Civil Code, § 3739; *Rives* v. *Lawrence*, 41 *Ga.* 283. As to the children of John W. Layfield represented by their guardian, it is alleged in paragraph 13 that they did not know about the agreement and are not bound by it. Construing this allegation to be a repudiation of the agreement, no implied trust arises in their favor thereunder.

5. The Bailey minors are not estopped by the receipt by their guardian of their share of the purchase-money paid by the purchaser, the guardian offering in the petition to restore the same to the purchaser. *Groover* v. *King*, and *Moore* v. *Carey*, supra.

6. The petition set forth a good cause of action in favor of the Bailey minors; and for this reason the court erred in dismissing the petition.

7. Applying the above principles, it follows the court erred in sustaining a general demurrer to the petition as far as the Bailey minors are concerned; but in as far as applies to the children of John W. Layfield the judgment sustaining the general demurrer was not erroneous.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 3622. FEBRUARY 15, 1924.

Equitable petition.    Before Judge Munro.    Harris superior court.    January 18, 1923.

*Henry Reeves* and *A. H. Thompson,* for plaintiffs.

*McLaughlin & Jones* and *McLaughlin & Foley,* contra.