## KING, administrator, *v.* HERRINGTON.

HINES, J.  George King, as executor of Harrison King, brought suit against Herrington, to recover two certain houses and lots as the property of his testator.  Herrington filed his answer in which he admitted possession of the premises in dispute, denied that plaintiff or his testator had any title thereto, and alleged that the testator, on October 7, 1916, conveyed to him by absolute deed three houses and lots which embrace the premises in dispute, and at the same time gave him possession thereof; and that he has ever since had the title to, and been in possession of, this property.  On the trial of the case the plaintiff, in order to meet the issue raised by the defendant's answer, offered an amendment to his petition, in which he alleged, that the deed from the testator to Herrington was made to secure a loan of $500, that Herrington took possession of these houses and lots "almost ever since the deed was made," that he had received more than $850 from the rents of said property, which has more than paid the principal and interest due on said loan by about $250, which sum is a part of the estate of testator and is due petitioner as his executor, and petitioner offered to pay Herrington any balance which might be found due him, upon a just and fair settlement, and prayed to cancel the debt, and thereupon that the security deed be declared null and void, and for a judgment against Herrington for any excess of rents received by defendant over the principal and interest due him on said loan.  The defendant objected to the allowance of said amendment, on the ground that said deed was unconditional on its face, that the defendant went into possession under it, had remained in possession ever since, and that parol evidence was inadmissible to show that this absolute deed was only a security for debt.  It was conceded by the plaintiff that the defendant went into possession under this deed.  This deed was introduced in evidence.  The court refused to permit the plaintiff to prove by parol evidence that the deed was only security for money loaned by the grantee to the defendant; and thereupon the court disallowed said amendment, and directed a verdict for the defendant, upon which judgment was duly entered in his favor.  To this verdict and judgment the plaintiff excepts and assigns error on the grounds: (*a*) that the order disallowing the amendment was contrary to law; (*b*) that the court erred in refusing to permit the plaintiff by parol evidence to prove that the deed under which the defendant claims and holds possession of this property was a security deed; (*c*) that the court erred in directing a verdict for the defendant.  *Held:*

1. A deed, absolute upon its face and accompanied with possession of the property, cannot be proved, at the instance of the parties, by parol evidence to be a deed to secure a debt, unless fraud in its procurement is the issue to be tried.  Civil Code (1910), § 3258; *Wilkes* v. *Carter*, 149 *Ga.* 240(2) (98 S. E. 860).

2 Fraud in the procurement of this deed not being the issue on trial, and the deed being absolute on its face, and it being conceded by the plaintiff that the defendant went into possession thereunder, the court did not err in disallowing the amendment (it not alleging that the vendor retained possession), in rejecting parol evidence to show that the deed

was to secure a debt, and in directing a verdict and rendering judgment for the defendant.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 4165.  APRIL 19, 1924.  REHEARING DENIED MAY 15, 1924.

Complaint for land. Before Judge Ellis. Fulton superior court. November 14, 1923.

*J. S. James* and *W. A. James,* for plaintiff.

*Etheridge, Sams & Etheridge,* for defendant.