## STERN v. HOWELL.

1. The principle that a deed absolute upon its face, and accompanied by possession, can not be proved by parol to be a mortgage only, is applicable when this is sought to be done by a party to such instrument, or those claiming under him, and is not applicable to the case where a person not a party to the deed, or claiming under the grantee, seeks to set up an implied trust.

2. Where one bids off a tract of land at judicial sale, pays a small part of the purchase-money, and borrows from another a sum sufficient to pay the balance of the purchase-money, under an agreement that the borrower is to deposit with the lender certain cotton warehouse receipts, and that the deed to the property is to be made to the lender to secure such loan, all of which is done, and the lender takes possession of the property, an implied trust arises in favor of the borrower.

(a) Where one buys a house and lot, title to which is in the wife of another, and in which the husband of such wife has an equal interest with her, at the price of $2500, delivers to the wife for the husband, or to the latter directly, property and notes in payment of the interest of the husband in the property, and borrows from another the sum of $1200 with which to pay the balance of the purchase-price, under an agreement that the wife is to make the title directly to the lender to secure the loan, which is done, and the proceeds of the loan are used in paying the wife for the property, and the lender takes possession of the property, the lender holds the property under an implied trust in favor of the borrower; and upon payment by the former of the loan to the lender, the former would be entitled to have a conveyance of the property from the lender.

3. In all cases where a trust is sought to be implied, parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible either to imply or rebut a trust.

4. There is evidence to support the verdict.

No. 4672. APRIL 15, 1925.

Equitable petition. Before Judge Fortson. Clarke superior court. November 12, 1924.

E. M. Howell filed his petition in two counts against Myer Stern, and in the first count made the following allegations: On October 26, 1921, there was sold before the court-house door in Clarke County a piece of property known as the Wheeler place. This property was bid in by Howell for $825. Howell applied to Stern for a loan of $800 to be used in paying for said place. Stern agreed to lend him said amount, but required as part security that the deed should be made to him. To this petitioner agreed, and put up as additional security warehouse receipts for four bales of cotton. Petitioner paid $25 of his own funds and $800 borrowed from Stern to the trustee conducting said sale, and the trustee

made and delivered to Stern a deed to said property. The cotton represented by said receipts was sold for $449, which was applied upon the debt of $800 due on said property. Stern has received the rent of said property, amounting to $75 or more. Petitioner is thus due him on said property $300 or less. Plaintiff tendered to said Stern the balance due on said loan and demanded a deed from him, which tender was refused. A copy of the above deed is attached to the petition as an exhibit. This deed is between Penny as trustee in bankruptcy of the estate of M. C. Wheeler, party of the first part, and M. Stern, party of the second part. Its consideration is $825, it conveys said Wheeler place, and it is absolute in form. Petitioner prayed that the amount due by him to Stern be fixed by a verdict of the jury, that upon payment of said amount the defendant be decreed to make him a deed to said property, and that said property be sold by order of the court and the defendant paid the amount due him out of the fund.

In the second count the petitioner made the following allegations.: On October 11, 1922, petitioner purchased from Mrs. M. A. Born for the sum of $2500 a certain piece of property described in the deed annexed to the petition. Of this sum he paid $1300, and borrowed $1200 from Stern, who demanded as security that the deed from Mrs. Born be made to him, to which petitioner agreed. Accordingly deed was made by Mrs. Born to Stern, but the agreement between petitioner and Stern was that said deed should only be held as security for petitioner's debt of $1200 and interest. Since said time Stern has received the amount of $270 as rent from said property. Petitioner tendered to Stern the balance due upon said loan, including interest to date. Stern refused said tender, and for the first time pretended that said property was his own. Petitioner prayed that the amount due by him to Stern be fixed by the jury, and that upon the payment of said amount to Stern he be ordered by decree of the court to make deed to petitioner, or that said property be sold by order of the court and he be paid the amount due him out of the fund.

The case coming on for trial, the defendant made a motion to dismiss the suit, on the grounds: (1) that the petition is an effort to alter the nature, terms, and conditions of two unambiguous written instruments, and to change said deeds from their original character to instruments of writing entirely different, and to make

such radical changes by parol evidence; (2) because it is an effort to engraft by parol testimony upon clearly, distinctly drawn written instruments provisions, terms, and conditions entirely antagonistic thereto and absolutely inconsistent therewith; (3) because the petition sets forth no cause of action against the defendant. The court overruled the motion to dismiss, to which ruling the defendant filed exceptions pendente lite, on which he assigns error. In his answer the defendant alleged that he bought said property absolutely, and not under the agreements set up by plaintiff, but under an agreement with petitioner that if he could sell the Wheeler place, for this service and for the further service of calling the defendant's attention to the sale he should receive one half of the net profits that might be realized from said sale. Defendant further set up that he bought outright from Mrs. Born the property set out in the petition for $1200, without any knowledge that petitioner had paid $1300 to Mrs. Born on the purchase-money thereof; and that he had agreed with petitioner that, if he could sell this property, he would give him one half of any net profits realized.

The case proceeded to trial before a jury. The plaintiff introduced evidence tending to establish the allegations of his petition. The defendant introduced evidence tending to establish the contentions of his answer. The jury returned a verdict finding that the plaintiff was indebted to the defendant on the Born property $1200, with 8 per cent. interest from date of deed, and that the defendant was entitled to retain from the gross rental of said property sufficient funds to cover taxes, insurance, and upkeep during the period the property had been under his control; and they found for the defendant as to the Wheeler place. The defendant moved for a new trial on the general grounds. By amendment he added the following grounds:

(1) Because the court erred in permitting Howell, over objection of the defendant, to testify as follows: "I stepped into Mr. Mallory's office and called up Mr. Stern and told him I wanted to check on him for $825. He says, 'What for?' I says, 'I bid a piece of property off up here this morning, and I have got the cotton receipts in my pocket to pay for it if you don't want to carry it.' He says, 'That is all right, make the deed to me.' Before I got the money from Mr. Stern the agreement was I was to put up these cotton receipts as collateral, and he was to deed the

property to me when I was able to pay for it." The objection to this testimony was that it was an effort to alter, change, or vary by parol testimony a valid written deed which showed on its face an absolute fee-simple title in the defendant.

(2) Because the court erred in permitting Howell, over objection, to testify as follows: "I had a talk with Mr. Stern, and we agreed that morning, after the papers were fixed up, to an agreement like this: I stated to Mr. Stern, 'Give me a bond for title.' He says, 'I am not going to give you nothing. There is Mr. Becker out there; we will let Mr. Becker witness the agreement.' I says, 'All right.'" The objection to this evidence was that it was an effort to alter or vary by parol evidence the terms of a valid contract in the nature of an absolute deed which put the title in the defendant.

(3) Because the court erred in permitting Howell, over objection, to testify as follows: "There was no agreement after the deed was made as to what was to be done in the event of a sale. I borrowed the money. After we met the next morning, I asked him to give me a bond for title, and he refused to give me a bond for title, and called Mr. Becker and says, 'We will have a witness to this transaction.' We went into details of what the transaction would be. He was to get twelve hundred dollars with interest. I was to get my thirteen hundred dollars and pay Mr. Becker's commissions out of that; and if there was anything over and above twenty-five hundred dollars, we divide it equally between us. Mr. Becker, Mr. Stern, and I were present. In the meantime he was to get interest on his money. It was after the trade that we agreed to divide the profits. It was the next morning. The getting of this original money was before the making of the deed." The objection to this testimony was that it was an effort to alter or change by parol evidence the terms of an absolute deed which put title in the defendant.

(4) Because the court erred in giving the following charge to the jury: "If you believe from the evidence in this case that the agreement was, if there was an agreement between Stern and Howell, that Stern was to lend the money to Howell with which to buy the Wheeler tract, Howell to pay him eight per cent. interest per annum for the money and to secure him by having the deed made to Stern from Wheeler's trustee and by pledging with Stern

certain cotton receipts, why then, if you believe that to be the facts of the case from the evidence in the case, it would be your duty to return· a verdict for the plaintiff, Howell, in the Wheeler transaction." The error assigned is that this charge authorized the jury, under the pleadings in the case, to set aside, on account of parol evidence, a valid written instrument in the nature of a deed, which conveyed an absolute fee-simple title to Stern, there being no allegations of fraud, accident, or mistake.

(5) Because the court erred in giving the following charge to the jury: "If you believe from the evidence in the case that the agreement with reference to the Born. property between Howell and Stern was that Howell should pay Dr. Born, or Mrs. Born, the amount of Dr. Born's interest, if he had an interest in the land, and that Stern should pay Mrs. Born $1200 for her interest and Stern was to treat the $1200 paid by him as a loan to Howell, which Howell was to repay and then have the property deeded to him by Stern, if you believe that to be the facts in the case as disclosed by the evidence, it would be your duty to return a verdict for the plaintiff as to the Born property in this case." The error assigned is that this charge authorized the jury, under the pleadings in the case, to set aside, on account of parol evidence, a valid written instrument in the nature of a deed, which conveyed an absolute fee-simple title to Stern, there being no allegation of fraud, accident, or mistake.

The court overruled the motion for new trial. To this judgment the defendant excepted.

*Green & Michael,* for plaintiff in error.

*T. W. Rucker, Lamar C. Rucker, Carlisle Cobb,* and *Gerdine Lumpkin,* contra.

HINES, J. (After stating the foregoing facts.)

1. It is true beyond question that a deed absolute upon its face and accompanied by possession of the property can not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud, accident, or mistake in its procurement is the issue to be tried. Civil Code (1910), § 3258; *Hall* v. *Waller,* 66 *Ga.* 483; *Mitchell* v. *Fullington,* 83 *Ga.* 301 (9 S. E. 1083); *King* v. *Herrington,* 158 *Ga.* 148 (122 S. E. 879). By the terms of the cited section of the Code, and by the cases referred to, the principle announced in said section and decisions is applicable only

where the parties to deeds absolute in form undertake to prove by parol that such instruments are mortgages only. In this case no party to the deeds involved is undertaking to prove by parol that they are only security for debt. This principle of the above section of the Code is not applicable to a case seeking to set up an implied trust. *Jenkins* v. *Lane,* 154 *Ga.* 454 (3*b*) (115 S. E. 126).

2. Do the allegations of the petition raise an implied trust in favor of the plaintiff? A trust is implied "whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another." Civil Code (1910), § 3739; *Rives* v. *Lawrence,* 41 *Ga.* 283; *Bailey* v. *Layfield,* 157 *Ga.* 546 (122 S. E. 193). In the first count of the petition it is alleged that the plaintiff bid off at judicial sale the Wheeler tract of land at $825; that of this sum he paid out of his own funds $25; that he borrowed from the defendant the sum of $800 with which to pay the balance of the purchase-money, under an agreement by which the defendant was to be secured by deed direct into him to this property from the seller at the judicial sale, and by the deposit of warehouse receipts for four bales of cotton, all of which was done, and upon payment of the money so borrowed by the plaintiff the defendant was to convey this property to him; and that the said four bales of cotton were afterwards sold for $449, which was paid to the defendant upon the money so borrowed from him by the plaintiff. This makes a typical case of implied trust. The legal title is in the defendant. The beneficial interest is partially in the plaintiff by payment of $25 of the purchase-price, and by the deposit by him of certain warehouse receipts for four bales of cotton with the defendant, to secure the money borrowed from him to pay the remainder of the purchase-money.

In the second count it is alleged that the plaintiff purchased the Born tract at the price of $2500, of which sum he paid to the seller out of his own funds $1300; that he borrowed $1200 from the defendant with which to pay the balance of the purchase-money, under an agreement that the seller was to make the deed to the defendant as security for the $1200, which was done; and that on payment of the latter sum with interest the defendant was to convey this property to the plaintiff. For the reasons assigned

above in dealing with the Wheeler tract, these facts created an implied trust in favor of the plaintiff in the Born tract. There is nothing to the contrary of what we rule in the cases of *Lyons* v. *Bass,* 108 *Ga.* 573 (34 S. E. 721), *Ray* v. *Union Savings Bank,* 136 *Ga.* 745 (72 S. E. 26), and *Houston* v. *Farley,* 146 · *Ga.* 822 (92 S. E. 635). In those cases the parties had not paid or secured any part of the purchase-money.

3. "In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or conduct of the parties, either to imply or rebut a trust." Civil Code (1910), § 3741.

4. Applying the principles above ruled, the trial judge did not err in overruling the motion of the defendant to dismiss the petition of the plaintiff.

5. The rulings made in the first, second, and third divisions of the opinion dispose of all the assignments of error embraced in the motion for new trial, based upon the admission of evidence and upon the instructions of the court to the jury, adversely to the defendant, if there was evidence to establish the cause of action set out in the second count of the petition. It is insisted by counsel for the defendant that there is no such evidence. It matters not whether the evidence establishes the cause of action set up in the first count of the petition or not, as the jury found for the defendant on this count. Errors, if any, committed upon the admission of evidence and in the instructions of the court as to this count, for this reason, would not require the grant of a new trial.

As to the Born tract, it is insisted that the evidence discloses that the plaintiff did not pay any part of the purchase-price of this tract. To this contention we can not agree. It appears that Mrs. Born and her husband were equally interested in the Born tract, although the title to this lot was in her. The plaintiff bought out the interests of both, and had to pay for both interests. He turned over to the wife for the husband an automobile and certain notes in payment of his interest, and the defendant paid the $1200 which the plaintiff was to pay for the wife's interest; taking deed to the property from the wife. Thus the plaintiff paid part of the purchase-money with his property, and the remainder of the purchase-price with money which he borrowed from the defendant. In these circumstances an implied trust arose in behalf of the plain-

tiff in this tract. In view of this situation, we can not say that the evidence fails to establish the cause of action set out in the second count. This being so, the verdict is not contrary to the law; and the trial judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*