## Drake v. Drake et al.

ATKINSON, J. The Civil Code (1910), § 3739, provides in part as follows: "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another." *Held:*

1. The allegations of the petition as amended in this case, construed most strongly against the pleader, do not raise an implied trust upon either of the above principles. The plaintiff's suit was predicated on application of the principles stated in the above-quoted provisions of the code.

2. In *Rives* v. *Lawrence*, 41 *Ga.* 283, and *Bailey* v. *Layfield*, 157 *Ga.* 546 (122 S. E. 193), lands were to be bid in at judicial sales by parties who occupied fiduciary relations with the complainants, and under representations and agreements by the bidders by which the lands were to be bid for and title taken in the name of the complainants. These facts distinguish the cases from the instant case.

3. Applying the foregoing rulings, the court did not err in sustaining the separate demurrer that was filed by one of the defendants.

*Judgment affirmed. All the Justices concur.*

No. 4641. SEPTEMBER 17, 1925.

Equitable petition. Before Judge Hodges. Madison superior court. October 28, 1924.

On January 31, 1921, S. J. Carmichael & Company were indebted to R. T. David. In order to secure a payment on this indebtedness, David procured Carmichael & Company, W. J. B. Drake (the plaintiff), and J. W., W. J., and J. B. Drake to enter into the following agreement: Carmichael & Company were to sell to J. W., W. J., and J. B. Drake a described tract of land at and for the sum of $11,000, of which $1428 was to be paid in cash. Thereupon Carmichael & Company executed their bond for title to J. W., W. J., and J. B. Drake, reciting the payment of $1428 in cash, and providing for the remainder of the purchase-money in certain installments. In order to enable the obligees in the bond to make said cash payment it was agreed that the plaintiff should give to R. T. David his two notes aggregating the sum of $1428, which David was to receive and accept as a payment of that amount on the indebtedness of the obligors to him; and the obligees in said bond were to transfer the same to plaintiff to secure him in giving said notes. Thereupon the plaintiff executed and delivered his two notes to David for the sum of $1428, and secured the same by a house and lot located in Grove Hill District of Madison County, Georgia. Thereupon J. W., W. J., and J. B. Drake gave

their joint note to plaintiff, and in writing transferred their bond for title from Carmichael & Company to the plaintiff to secure their said note to him.

In his petition the plaintiff alleges the above facts, and in addition thereto makes these allegations: David proposed the above arrangement, and was active in bringing it about. He knew that Carmichael & Company did not have title to the lands embraced in their bond for title at the time such arrangement was entered into, but only held the same under a bond for title from Della Anthony and J. H. Matthews. David knew that the obligees in said bond were insolvent and would never comply with their obligations under the same, and that plaintiff was solvent. David knew the plaintiff was not safe in taking said security. He did not intend to aid J. W., W. J., and J. B. Drake in paying their notes to him. David approached plaintiff and told him that Carmichael & Company wished to sell said land to J. W., W. J., and J. B. Drake, but that he was to get purchase-money notes for the same from Carmichael & Company, and was unwilling to take the notes of J. W., W. J., and J. B. Drake. David urged plaintiff to give his notes for said sum, and to take a transfer of said bond for title as his security from J. W., W. J., and J. B. Drake, and that would make both David and petitioner safe. David further stated that he would help J. W., W. J., and J. B. Drake pay back the $1428 to petitioner, and that then petitioner could pay him. Relying upon this promise and persuasion of Drake, plaintiff signed the said two notes to David. Seven days thereafter David took from Carmichael & Company a bond for title given to the latter by Della Anthony and J. H. Matthews as security for a debt of $4955.96. This was the sum owed David on which the $1428 represented by plaintiff's said notes was applied. Plaintiff failed to meet his notes so given to David, and David sued him on said notes and other indebtedness. Thereupon it was agreed between petitioner and David that the former should deed to the latter his house and lot aforesaid in settlement of said $1428 and the other indebtedness due by petitioner to David. David has become possessed of all the right, title, and interest of Carmichael & Company in said land, by purchase thereof from their trustee in bankruptcy, paying therefor with a debt which he held against Carmichael & Company of $2830. David has used the $1428 of plaintiff's money in the purchase of said

land, to which he now has title, by reason of the acts aforesaid. Petitioner is entitled to a lien on said land in said sum; and if he is not given a lien therefor, he asks that he be allowed to have an interest in said land for said amount.

To the petition David separately demurred, on the grounds (1) that it set forth no cause of action, and (2) that petitioner is not entitled to the equitable relief prayed. The court sustained the demurrer and dismissed the petition as to David. To this judgment plaintiff excepted.

*Comers G. Moore* and *Lamar C. Rucker,* for plaintiff.
*Erwin, Erwin & Nix* and *Berry T. Moseley,* for defendants.