## DENTON BROTHERS *et al.* v. SHIELDS.

An absolute bill of sale intended to secure a debt not exceeding $100 may be foreclosed as provided in the act of December 16, 1899 (Van Epps' Code, Supp. § 6631), whether the fact that it is intended as security is shown by a bond to reconvey, or by other appropriate evidence.

Submitted July 16, — Decided August 12, 1904.

Certiorari. Before Judge Evans. Jefferson superior court. November 11, 1903.

· Moore executed the following paper: " Bill of Sale. State of Georgia, McDuffie County. For and in consideration of seventy-five dollars, cash paid, I hereby sell and convey unto J. F. Shields, his heirs and assigns, one yoke of oxen, one a red ox, the other white with brindle side, named Burnelly and Bill. To have and to hold said oxen forever. And I agree to hold said oxen for him, and deliver same when he demands them. Witness my hand and seal, Feb. 5th, 1901 [Signed] V. G. Moore. L. S." The paper was properly attested and ·recorded. Shields made affidavit before a justice of the peace of McDuffie county "that he is the person holding a bill of sale to which this affidavit is annexed '[the foregoing paper], and that V. G. Moore, of Jefferson

county, Ga., is indebted to deponent on said bill of sale in the sum of $75.00 principal, and $11.30 interest to date, and that said amounts are now due.    And deponent makes this affidavit to foreclose said bill of sale, as is provided by the act of the legislature of Georgia, approved Dec. 16th, 1899." Upon this affidavit, on April 30, 1903, a justice of the peace of Jefferson county issued an execution against the property described in the bill of sale, which process was placed in the hands of Clark, a constable, to claim the fund which had been created by a sale of the oxen under other process from the same court, at which sale the property brought $43.25.    It appeared that the money was still in the hands of the constable, who declined to pay the same over to Shields.    He instituted a money rule against the constable.    In this proceeding it was averred that the bill of sale had been duly recorded and foreclosed, and that it was a superior lien on the money in the officer's hands.    On the call of the case in the justice's court it was "admitted that the bill of sale given by Moore to Shields, and which the fi. fa. of Shields was based on, was given by Moore to Shields to secure a pre-existing debt." Denton Brothers, who owned the conflicting fi. fa., and who had intervened and become parties to the money rule, moved to dismiss the proceeding, for the reason that neither the bill of sale nor the affidavit to foreclose the same alleged that the bill of sale was given to secure a debt.    Shields thereupon made a motion "to amend the foreclosure proceedings" so as to "allege and show that the bill of sale was given to secure a debt." This motion was overruled by the court, and the justice dismissed the rule against the constable, for the reason that the bill of sale, the affidavit to foreclose the same, and the fi. fa. issued thereon were void, because they failed to allege that the bill of sale was given to secure a debt; and the money was thereupon awarded to Denton Brothers.    Shields presented a petition for certiorari, and the foregoing facts appeared from the answer.    The judge of the superior court sustained the certiorari, and ordered that the case be remitted to the justice's court, with direction that the justice allow Shields' amendment to the foreclosure affidavit, and hear the case on its merits.    Denton Brothers excepted.

*Rogers & Stephens*, for plaintiffs in error.

*Ira E. Farmer*, contra.

LAMAR, J. (After stating the foregoing facts.)   Under Georgia law, the word " mortgage " is used in a double sense.   Sometimes it refers to a conveyance which creates a lien, and at others to one which passes title as security for a debt.   An instrument containing a defeasance clause, describing the debt, and showing on its face that it is intended as security, is a mortgage, and passes no title.   Civil Code, § 2723.   A writing in the form of an absolute bill of sale, but in fact intended only as security for a debt, conveys title, but is treated as an equitable mortgage.   Civil Code, § 2725 ; *Mitchell* v. *Fullington*, 83 *Ga.* 302 ; *Biggers* v. *Bird*, 55 *Ga.* 650.   Besides these are deeds and bills of sale conveying absolute title as security, but with a bond for reconveyance, and foreclosed at law in a method provided by statute. Civil Code, § 2771.   That a mortgage proper is intended as security for a debt appears on its face.   There is no necessity for offering extrinsic evidence to establish that intent.   In the case of security deeds under the Civil Code, §.2771, the fact that they were intended to convey title to secure a debt may be shown in the face of the instrument, and by the production of the bond to reconvey.   But where there is no bond for title, extrinsic evidence is admissible to show that what appears to be a deed, or an absolute deed or bill of sale, was intended only as a security. What is sufficient and admissible to establish this fact, and in what forum the case may be tried, are matters about which the authorities are in some conflict.   The Civil Code, § 2725, clearly indicates that the deed or bill of sale absolute in form may be shown by parol to have been intended as security, except in those instances where the grantee has taken possession of the property.   In any event, a bill of sale is not void as security merely because it fails on its face to indicate that such was the purpose of the instrument.   Nor is the act of December 16, 1899, limited to the foreclosure of those bills of sale in which there has been a bond to reconvey.   It is broad enough to include those absolute conveyances which amount to equitable mortgages.   The statute declares that "the owner of any bill of sale to personal property to secure a debt where the principal sum does not exceed one hundred dollars, may foreclose the same in the manner as mortgages on personal property are now foreclosed, under the laws of the State of Georgia."   In the present case it was ad-

mitted that the bill of sale was given to secure a debt. The paper, on its face, indicated that the possession remained with the vendor, and the case, therefore, does not come within the provisions of the Civil Code, § 2725, prohibiting parol evidence. If there was any necessity therefor, the plaintiff had the right, under the Civil Code, § 5122, to amend the affidavit of foreclosure, by alleging that the bill of sale had been given as security. The judge of the superior court properly sustained the certiorari.

*Judgment affirmed. All the Justices concur, except Evans, J., disqualified.*