## ASKEW *v.* THOMPSON.

1. The demurrer to the amendment to the petition on the ground that it sought to add a new cause of action was properly overruled.
2. A deed absolute in form may be shown by parol evidence to have been intended as security only, where the grantee has not taken possession of the property. Accordingly, the amendment to the petition was not demurrable on the ground that it was an effort to vary the written terms of an absolute deed.
3. A ground of demurrer which does not present for decision any distinct question is not properly taken.
4. The petition set forth a cause of action, and the special demurrers not specifically dealt with in the foregoing notes were sufficiently met by amendment.

Argued July 1,—Decided August 15, 1907.

Petition for specific performance. Before Judge Spence. Calhoun superior court. December 4, 1906.

In May, 1906, Elizabeth Thompson brought an equitable petition against Benjamin H. Askew, the substance of which, so far as material to the consideration of the points made in the record before us, was as follows: On January 25, 1889, petitioner conveyed to defendant certain described realty, a copy of the instrument of conveyance being attached to the petition as an exhibit. This copy showed the conveyance to have been an unconditional warranty deed, for the expressed consideration of $500. According to the allegations of the second paragraph of the petition, "Said deed was made and delivered to said Askew upon the express contract and agreement, then and there made, that said Askew would reconvey said land to said petitioner at any time during her natural life, upon her repayment to him of the sum of $500.00, with interest thereon from the date of said deed." The third paragraph alleged: "Petitioner has remained in pos-

session of said land ever since the date of the making of said deed, receiving rents and profits therefrom, claiming it as her own, with the acquiescence, knowledge, and consent of said B. H. Askew, subject only to the payment to him of said indebtedness." The fourth paragraph alleged: "On the 4th day of October, 1905, said Elizabeth Thompson tendered to said B. H. Askew the full amount of the principal and interest due upon said indebtedness and demanded from him a deed of reconveyance of said property, and although not denying his contract and agreement, has neglected, failed, and refused to" reconvey the property to petitioner. Continuing tender of the $500, with interest thereon from the date of the deed, was alleged. The petition was demurred to generally and specially. The grounds of special demurrer were: (*a*) that the petition failed to set out a cause of action "with sufficient clearness and fullness to apprise defendant of the real nature of [plaintiff's] complaint, but is too general, vague, uncertain, and indefinite;" (*b*) that it failed "to set forth with fullness and clearness the contract therein referred to," and "to explain why or for what purpose [plaintiff] executed the deed," "what consideration if anything she received, or any other reason moving her to execute" the same; (*c*) no certain sum was alleged to have been tendered and no proper tender was alleged; (*d*) the contract set forth was not alleged to have been in writing, and no sufficient consideration to support the same was set up; (*e*) the alleged contract was wanting in mutuality and was unilateral. The plaintiff amended the petition by adding to the third paragraph thereof the following allegation: "said $500.00 being an indebtedness which was due by said Elizabeth Thompson to B. H. Askew, by reason of a loan made by him to her, said deed being made merely to secure said indebtedness." This amendment was allowed over the objections of the defendant, "(1) that the same was an attempt to vary by parol the written terms of said deed, and (2) that said amendment not only varied but made a new cause of action." The case is before this court on writ of error sued out by defendant, complaining of the allowance of the amendment to the petition and of the overruling of the demurrer.

*Pope & Bennet,* for plaintiff in error.

*Pottle & Glessner,* contra.

FISH, C. J. (After stating the facts.) 1. In the original petition the plaintiff alleged an obligation on the part of the defendant to reconvey the land covered by her deed to him, "upon her repayment to him of the sum of $500.00 with interest thereon from the date of the deed;" that she had remained in possession of the land ever since she conveyed it to defendant, receiving the rents and profits thereof, with his knowledge and consent, subject only to the payment to him of "said indebtedness;" and that she had tendered to him "the full amount of the principal and interest due upon said indebtedness." The original petition clearly indicated that the sum of $500 was an indebtedness which the plaintiff owed to the defendant, and that upon its payment the defendant had agreed to reconvey the land to the plaintiff. This being true, the clear inference was that the deed was given as security for the indebtedness. The amendment merely added an explanation as to how the indebtedness of $500 arose, that is, by reason of a loan made by defendant to plaintiff, which the deed was executed to secure. The cause of action set out in the original petition was the alleged right of the plaintiff to have the land reconveyed to her by the defendant, by reason of his contract so to do, upon the payment by her to him of a given amount of indebtedness, which she owed him. If he agreed, when she conveyed the land to him, to reconvey it to her upon "her repayment to him" of a given amount, a strong inference arose, as we have said, that her conveyance was executed as security for the debt. The amendment merely explained how the indebtedness arose. The amendment, therefore, did not change or vary the nature of the suit, nor introduce a new cause of action. *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (5), 789-794 (48 S. E. 318); *Central Ry. Co.* v. *Hunter*, 128 *Ga.* 600, (58 S. E. 154).

2. Nor should the amendment have been disallowed on the ground that "the same was an attempt to vary by parol the written terms of said deed." As we have seen, the plaintiff never gave up possession of the land she conveyed to the defendant, but has ever remained in possession since the execution of such conveyance. Civil Code, §2725, provides "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in its procurement is

the issue to be tried." The clear implication of this language is that a deed absolute on its face, when not accompanied by possession in the grantee, may be proved by parol to be a mortgage only. *Denton* v. *Shields*, 120 *Ga.* 1076 (48 S. E. 423). In *Hester* v. *Gairdner*, 128 *Ga.* 531, 58 S. E. 165, it was held: "Where a deed in the form of a warranty deed was given to secure an indebtedness, and no bond to reconvey was made, and there was nothing in the written contract to fix the amount of indebtedness secured, but the deed expressed a certain amount as a consideration thereof, in a suit by the grantee against the grantor or his administrator, seeking a general judgment and also to establish a lien on the property, it was competent to show by parol evidence that the deed was given to secure an indebtedness already existing to the amount expressed as a consideration, and also to secure future advances to be made." The conveyance made by the plaintiff, though in form an absolute deed, could be shown by parol evidence to be a security deed only, as the grantee never had possession of the premises conveyed. The plaintiff in error cites *Waters* v. *Waters*, 124 *Ga.* 349 (52 S. E. 425). There the plaintiff sought to engraft upon a deed of bargain and sale (which she had waited too long to set aside on the ground of fraud) a parol agreement made contemporaneously with its execution, to the effect that she was to be allowed to remain in possession and control of the deeded premises during her life. The deed being an unconditional conveyance passing title to the entire fee, without any hint of a reservation of a life-estate, this court held that the deed would have to be reformed before the plaintiff could assert any interest in the land. In the present case, there is no attempt to vary the terms of the deed or to limit its operation as a legal conveyance passing the entire fee, but the plaintiff is simply asserting her equity of redemption.

3. The ground of demurrer that the petition, as a whole, was "too general, vague, uncertain, and indefinite," was itself "too general, vague, uncertain, and indefinite" to raise any question for decision by the court. *Dawson* v. *Equitable Mortgage Co.*, 109 *Ga.* 389 (34 S. E. 668); *Mathis* v. *Fordham*, 114 *Ga.* 369 (4) (40 S. E. 324). The demurrer should have specified wherein the petition was not sufficiently full and explicit.

4. The special demurrers, that the contract was not fully and

clearly set out, was wanting in mutuality, the purpose for which the deed was executed was not explained, nor the consideration which plaintiff received for executing the deed alleged, were all fully met by the amendment allowed to the petition. Nor was there any merit in the special demurrer that the petition failed to show that any certain sum was tendered, or that any other proper tender was made. The petition, in effect, alleged that the plaintiff was indebted to the defendant in the sum of. $500, with interest thereon from January 25, 1889, and that she, on October 4, 1905, tendered to defendant "the full amount of the principal and interest due upon said indebtedness." A continuing tender and offer to pay the amount of such indebtedness into court was also set forth. It was not essential, in order that the defendant might be put on notice of what he was expected to meet, that the plaintiff should allege how much, in dollars and cents, she tendered to him on the day named.

The petition set forth, with sufficient clearness and particularity, a cause of action, and the court properly overruled the demurrers.

*Judgment affirmed. All the Justices concur.*