## BASHINSKI *v.* SWINT.

1. Where a defendant in a dispossessory-warrant proceeding bargained with a third person for the purchase of the land in question, and the plaintiff, at his instance, paid the purchase-money for him, and took a deed from the owner of the land to secure the payment by the defendant of the debt thus created, agreeing to convey the land to the defendant upon his paying such debt, and this debt has been paid as the contract between plaintiff and defendant provided, such facts, when properly

pleaded and proved, not only constitute a complete defense to the dis-possessory-warrant case, but also entitle the defendant, upon proper prayer therefor, to a decree for specific performance of the plaintiff's promise to convey the property to him.

2. It is permissible to show by parol evidence the consideration for a deed; and a deed, though absolute upon its face, may be shown by parol evidence to have been intended by the parties as security only, where the grantee has not taken possession of the property.

3. In the case indicated in the first headnote, it is permissible for the defendant to prove by the landowner the parol agreement between them with reference to the sale of the land, although it was not in the plaintiff's presence, when it is shown that the plaintiff was informed of the same and that both he and the landowner were acting thereon when the deed was made to him.

4. There was sufficient evidence to warrant the verdict.

Argued February 17,—Decided July 1, 1909.

Eviction. Before Judge Reagan. Washington superior court. June 27, 1908.

*Howard & Jordan,* for plaintiff.

*Evans & Evans,* for defendant.

FISH, C. J. Samuel Bashinski sued out a warrant to remove Lum Swint as a tenant holding over, which was arrested by a counter-affidavit, denying the existence of the relation of land-lord and tenant. When the issue thus made came on to be heard, the court allowed the defendant to amend his counter-affidavit by setting up, in substance, that he had bargained for the purchase of the land in question with Mrs. Robson, and that, at his instance, Bashinski, having paid most of the purchase-money for him to Mrs. Robson, took a conveyance of the land from her, promising at the time to convey to defendant upon his payment to Bashinski of 3,500 pounds of lint-cotton in five annual payments of 700 pounds each; that he had completed such payments, and had demanded a conveyance from Bashinski, who had refused to make the same. There was a prayer for specific performance of this alleged agreement. This amendment was allowed over the following objections of the plaintiff: The defendant was not entitled, in the proceeding on trial, to specific performance of his alleged contract with plaintiff, but, "in order to get affirmative relief, would have to maintain an independent suit in equity for specific performance." The facts alleged "did not entitle the defendant to the relief prayed; and even if the facts set forth would constitute a cause of action on a bill for specific performance, such

an equitable bill was not allowable in the particular case, for the reason that the defendant was in possession of the land; and such pleadings were not necessary, the facts set forth in said amendment constituting a perfect defense to the eviction proceedings, and could have been introduced under the original counter-affidavit." The plaintiff excepted pendente lite to the allowance of this amendment. There was a verdict for the defendant and in favor of his contention set up in the amendment, and a decree for specific performance was entered in his behalf. The case is here upon a writ of error sued out by the plaintiff, assigning error upon his exceptions pendente lite and upon the refusal of a new trial.

1. The court properly overruled the objections to the amendment to the counter-affidavit. This amendment set up a complete equitable defense to the dispossessory-warrant proceeding. If its allegations were true, the defendant, and not the plaintiff, was the owner of the land, the defendant being in possession of the premises with the purchase-money paid, and the plaintiff holding the legal title in trust for him. According to this amendment, it was the defendant, not the plaintiff, who purchased the land from its former owner, and the title was merely, by agreement, conveyed to the plaintiff as security for the purchase-money which he advanced for the defendant, and this debt had been fully paid by the defendant. The allegations of this amendment, if proved, were sufficient not only to defeat the plaintiff's dispossessory-warrant proceeding, but also to entitle the defendant, in accordance with his prayer, to a specific performance of the plaintiff's agreement to convey the property to him upon the payment of the debt to secure which the plaintiff held the title. *Walker* v. *Edmundson*, 111 *Ga.* 454 (36 S. E. 800). While the headnote in the case cited does not show that the court passed upon the question of specific performance, the reported facts of the case and the opinion of the court therein show that the question of the right of a defendant in a dispossessory-warrant proceeding to pray for and obtain specific performance on the part of the plaintiff of a contract to convey to him the land in question, upon proper pleadings and evidence, was directly involved and was decided in the defendant's favor.

2. Complaint was made in the motion for a new trial that the court, over the objection of plaintiff, admitted the testimony

of Mrs. Robson to the effect, that she sold the land to Swint, who, not being able to pay the purchase-money at the time, got her to agree to make the deed to Bashinski, upon his paying the greater portion of the purchase-money to her for Swint; that Bashinski told her he would buy the land for Swint, and that if he did not pay for it, the land would be good for the debt; that while she made the deed to Bashinski, who gave her a check for the money, it was made with the distinct understanding that it was for Swint. This testimony was objected to upon the ground that "The contract of sale, or conveyance from Mrs. S. E. Robson to S. Bashinski, was in writing, . . and parol contemporaneous evidence was inadmissible to vary or change in any manner the written contract of sale;" and upon the further ground that the witness, being the grantor in the deed to Bashinski, "was estopped from denying in any respect the deed so made, or engrafting any conditions on the deed, or in any way varying, modifying, or altering the written instrument." These objections were not well taken. It is permissible to show by parol evidence the consideration for a deed. *Johnson* v. *McComb,* 49 *Ga.* 123; *Stone* v. *Minter,* 111 *Ga.* 45 (36 S. E. 321, 50 L. R. A. 356); *Harkless* v. *Smith,* 115 *Ga.* 350 (41 S. E. 634). "A deed absolute in form may be shown by parol evidence to have been intended as security only, where the grantee has not taken possession of the property." *Askew* v. *Thompson,* 129 *Ga.* 325 (58 S. E. 854). Bashinski was never in actual possession of the land in controversy, and, under the case as made by the defendant's pleadings and evidence, never had ev a constructive possession of the same. As sustaining the adr sibility of the parol evidence in question, see also: *Scott* v. *J  r,* 64 *Ga.* 506; *Holmes* v. *Holmes,* 106 *Ga.* 862 (33 S. E. 216); *Denton* v. *Shields,* 120 *Ga.* 1076 (48 S. E. 423); *Hester* v. *Gairdner,* 128 *Ga.* 531 (58 S. E. 165).

3. One ground of the motion was, that the court admitted the following testimony of Mrs. Robson: "This land was sold to Lum Swint for $200.00. Lum could not pay the money at the time, and he came to me and asked would it be all right to get some one to pay the money for him. I answered yes. The negro, Lum Swint, returned and stated that Mr. S. Bashinski would pay it, if I would fall in the price. I replied that I was in need of money and would fall in the price." The objection made to

this testimony was, that a conversation and transaction between the witness and Swint, not in the presence of Bashinski, could not bind Bashinski. Another ground alleged that the court erred in admitting testimony of this witness as follows: "Lum Swint came to me to buy this land before this deed was made." "As to whether or not Lum ever bought this land from me or whether I ever agreed to sell to him before the sale to Mr. Bashinski, Lum bought, or I agreed to sell to him, this land in 1895. He was to pay $200.00 for it. I do remember that in September, 1895, I agreed to sell Lum this land for $200.00 and he agreed to buy it and pay $200.00 for it." This was also objected to upon the ground above stated; and upon the further ground that the witness, having subsequently made an absolute deed to Bashinski, could not "impeach its validity, or destroy its force and effect." Under the allegations of the amendment to the counter-affidavit, it was competent for the defendant to show the circumstances under which Mrs. Robson made the deed to Bashinski. The testimony objected to, standing alone, might not have been admissible; but it did not stand alone, but was, as the record shows, accompanied by testimony of this same witness, and followed by testimony of the defendant himself, which, if accepted as credible, showed that the execution of the deed by Mrs. Robson to Bashinski was in pursuance of, and the culmination of, her agreement with Swint for the sale of the land to him, of which Bashinski was informed and to which he became a party by agreeing to and actually paying the purchase-money for Swint. It was permissible for the defendant to show that he, and not Bashinski, was the real purchaser of the land from Mrs. Robson; and in order to do this, it was competent for him to prove by Mrs. Robson the negotiations between them, in so far at least as they were shown to have been known to Bashinski and acted on by him. The point as to destroying, by parol evidence, the force and effect of a deed absolute upon its face has already been covered.

4. There was evidence to authorize the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*