28

*T. H. Milner,* for plaintiff in error.  *W. H. Burt,* contra.

## DUNCAN *v.* BEASLEY.

No. 8489.  DECEMBER 19, 1931.

P. M. *Anderson* and R. N. *Odum,* for plaintiff.

J. V. *Kelley,* for defendant.

HILL, J.  Mrs. M. B. Duncan filed a petition for partition of certain land, alleging that she and H. C. Beasley were joint and equal owners thereof.  Beasley filed objections, denying that Mrs. Duncan had any interest in the land.  The deed under which Mrs. Duncan claimed title to a half undivided interest in the land was made by Elizabeth Mosley to her daughter, Elmira P. Hodges. It was dated April 17, 1896, recited a consideration of five dollars and love and affection, and contained the following language: "the said Elizabeth Mosley has given, granted, and conveyed and by these presents do give, grant, and convey to the said Elmira P. Hodges and her children that may be born unto her [the land in question].  Said land to belong to said Elmira P. Hodges and her

children; and should she die without children, then said land to revert back and become the property of her brothers and sisters of the whole blood, share and share alike," etc. The plaintiff is the only child of Elmira P. Hodges, and was in life at the time the deed was executed to Elmira P. Hodges. Beasley claims title to the land under a security deed executed to him by Elmira P. Hodges (which security deed was witnessed by the plaintiff, Mrs. Duncan), and under a deed made in pursuance of a sale in exercise of power in the security deed. The judge directed a verdict in favor of the defendant. A motion for new trial was overruled, and the plaintiff excepted.

The judge held that the plaintiff took no interest under the deed from Elizabeth Mosley to Elmira P. Hodges, for the reason that the language of that deed showed that the grantor intended that only such children as might be born after its execution should take thereunder, the plaintiff being in esse at the time the deed was executed. Did Mrs. Mosley intend to exclude her granddaughter who was in life at the time of the execution of the deed? We think not. A case very similar in its facts to the present was *Henderson* v. *Sawyer*, 99 *Ga.* 234 (25 S. E. 312), where this court held: "Where premises described in a deed were thereby 'granted, bargained, and sold' to a named person, 'her heirs and assigns,' 'to have and to hold unto her and the heirs she may have by' one Baker, her husband, 'her Baker heirs,' 'to them and their own proper use, benefit, and behoof, forever in fee simple,' the effect of such deed was to convey the title to the grantee named and her three children in life when it was executed, as tenants in common." In that case the deed from Baker to Mrs. Baker bore date October 25, 1876, and the language of the habendum clause was: "To have and to hold said parcels of land unto her the said Mary A. M. Baker and the heirs that she may have by Solomon Baker (her Baker heirs), and assigns, with all the rights and appurtenances belonging to them and their own proper use, benefit, and behoof, forever in fee simple." Mrs. Baker was living, and the plaintiffs were the only children of her and Solomon Baker. They were born in 1860, 1865, and 1870 respectively. They were therefore in life at the time of the execution of the deed, as in the present case. And in *Cobb* v. *Wrightsville & Tennille R. Co.*, 129 *Ga.* 377 (58 S. E. 862), it was held: "Where the granting clause of a deed set out a grant to

a woman, 'her heirs and assigns,' and the habendum clause was, 'to have and to hold . . unto the said [woman], her heirs and assigns forever, in fee simple, and after her death to such child or children as she may have by [a named man], share and share alike,' such deed created a life-estate in the woman, with remainder to such children as she might have by the man named." In that case it was also held that the children in life at the time of the execution of the deed took under the deed. On the authority of these cases we think that the trial judge erred in directing a verdict for the defendant, and in thus excluding the granddaughter of the grantor from taking under the deed. See *Calhoun* v. *Thompson,* 171 *Ga.* 286 (155 S. E. 183).

■ It is insisted that the plaintiff has estopped herself from claiming the land, because of the fact that she was a witness to the security deed from Mrs. Hodges to Beasley. In order for one to rely upon estoppel, the facts upon which such estoppel rests must be pleaded and proved. This was not done in the present case. Merely attesting a deed will not work an estoppel. *Georgia Pacific R. Co.* v. *Strickland,* 80 *Ga.* 776, 780 (6 S. E. 27, 12 Am. St. R. 282) ; *Groover* v. *Simmons,* 163 *Ga.* 778, 781 (137 S. E. 237). The Civil Code (1910), § 5737, provides: "Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. Where both parties have equal knowledge or equal means of obtaining the truth, there is no estoppel." It must appear that the party to the deed was ignorant of the interest of the attesting witness. The deed from Mrs. Mosley to Mrs. Hodges and her children was on record, which was constructive notice of the interest of Mrs. Duncan, the attesting witness to the security deed. Beasley did not testify on the trial, and under the facts of the case there is no proof that would work an estoppel. The judge erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*