28826.   HOLTON *v.* MERCER *et al.*

DECIDED MAY 21, 1941.

*H. L. Causey, Highsmith & Highsmith,* for plaintiff in error.

*C. A. Williams, T. J. Townsend,* contra.

GARDNER, J. Mrs. E. M. Mercer and Nathan Cohen, herein referred to as the plaintiffs, obtained a dispossessory warrant against J. C. Holton, herein referred to as the defendant. The land in dispute is described as "the portion of lot 367 in the 5th land district of Bacon County, on the west side of the old Alma-Hazlehurst public road, containing sixty acres, more or less." The defendant filed a counter affidavit, claiming this tract by reason of a gift from his mother, Mrs. M. S. Holton, to him in 1913, and that he then went into possession and was at present in possession of the tract as the rightful owner, and not as tenant. The plaintiffs claimed the tract described above, by reason of being purchasers at a sale made on October 4, 1939, under a power of sale in a deed to secure debt from Mrs. M. S. Holton to Miss Lennie Warnock, dated November 19, 1925, conveying a tract of land containing 325 acres, of which the parcel in question is a part. They also claimed under a deed from Bacon County, dated October 3, 1939, purporting to convey to the plaintiffs the sixty-acre tract in question on resolution of the board of county commissioners authorizing sale of the tract in question to plaintiffs, including same in a tract of 325 acres, the county having claimed the larger tract, which included the smaller tract, by virtue of an alleged tax sale and conveyance to the county by deed dated December 7, 1937.

On the trial the material question was tenancy or no tenancy. *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614) ; *Allen* v. *Allen,* 154 *Ga.* 581 (115 S. E. 17). The issues determinative of this question were (1) whether the defendant was a tenant of his mother at the time of the execution of the security deed; or (2) whether, though he held valid equitable title to the sixty acres, he yet estopped himself from asserting title and denying tenancy when he witnessed the security deed from his mother conveying, with knowledge to him, his land as her own; or (3) whether the claim of title of the defendant was inferior to that of his mother when she executed the security deed; when in either instance the status of the defendant would have been that of tenant, either by contract originally with his mother, or by sufferance when his status in relation to the purchaser at the foreclosure under the security deed became the same as that of his mother. *Anderson* v. *Watkins,* 42 *Ga. App.*

319 (156 S. E. 43); *Williams* v. *Federal Land Bank of Columbia,* 44 *Ga. App.* 606 (162 S. E. 408). Also determinative of the material question of tenancy, extraneous of the above issues, were whether the defendant had title superior to that of the plaintiffs purchasing with notice of all equities of the defendant who was in possession of the property at the time of the execution of the security deed by the mother and the sale thereunder, when the proceedings would fail bcause of lack of tenancy; or whether the plaintiffs, notwithstanding any original title in the defendant, acquired superior title at tax sale, when the dispossessory proceedings (being only a question of title) would fail unless the superior title acquired by the plaintiffs was as against the mother, and the defendant was her tenant, when dispossessory proceedings would lie. The defendant assumed the burden of proof to establish his claim under his alleged parol gift. After introduction of evidence by the defendant, and of documentary evidence by the plaintiffs, the court, on motion, directed a verdict in favor of the plaintiffs. The defendant moved for a new trial, and afterward amended the motion assigning error on the direction of the verdict. The motion was overruled, and the defendant excepted.

The defendant, to carry the burden of proof he assumed, introduced testimony tending materially to substantiate his contentions, in substance as follows: that he married in 1912, lived with his father and mother in 1913 and 1914, and in 1914 "my mother told me to build on the tract across the road, and she would give it to me;" that he went to hauling logs, had the timber cut on halves, built a three-room dwelling-house on the sixty-acre tract in question and moved into the house about June, 1915; that since that time he has lived there with his family, except for one year when he rented to his brother; that he has been in continuous possession of the tract with his family consisting now of eight, paid no rent, exercised ownership, built a tobacco barn, put up wire fence, made pastures, cleared land and dug well, returned the land for taxes for the last three years; and that he had no deed, and did not know about returning the land for taxes. Five witnesses testified for the defendant corroborating his testimony in almost every detail.

The plaintiffs introduced in evidence: (1) A warranty deed from F. T. Holton to M. S. Holton, mother of the defendant, dated

November 25, 1921, for a consideration of $1000, conveying lot 367 in the 5th land district of originally Appling, now Bacon County, containing 325 acres and including the sixty-acre tract in question; (2) a bill of sale signed by the defendant to the Secretary of Agriculture, dated March 7, 1933, to the crops on the 325-acre tract including the sixty-acre tract in question. M. S. Holton signed a waiver in this bill of sale, stating that she was the owner. (3) A mortgage from M. S. Holton to John Herrington, dated November 13, 1926, conveying the 325 acres, including the sixty-acre tract in question. The defendant was one of the witnesses to this mortgage. (4) Warranty deed signed by M. S. Holton to Lillian Puckett, dated December 14, 1933, for a consideration of $2000, conveying lot 367 in the 5th land district, containing 325 acres, more or less, including the sixty-acre tract in question. (5) Security deed from M. S. Holton to Lennie Warnock, in consideration of $315.95, dated November 19, 1925, conveying the 325-acre tract of lot 367, including the sixty-acre tract in question, containing the usual power of sale, under which power the 325-acre tract was advertised and sold on October 3, 1939. At this sale the plaintiffs were the purchasers for the consideration of $500. They received a deed with necessary recitals specified in the power as to default, etc., signed "Mrs. M. S. Holton, by her attorney in fact, Lennie Warnock." The defendant attended the sale, and before the land was knocked off to the plaintiffs he announced to them that he was in possession of, and claiming as his own, the land in question. The plaintiffs claim this land by virtue of this chain culminating in the sale under power. In addition thereto the plaintiffs claim paper title under a series of tax fi. fas. and tax sales, in which the County of Bacon was the purchaser, and conveyance under proper resolution by the county to the plaintiffs on October 3, 1939, for a consideration of $477.30. This chain of title is evidenced in the record by the following muniments of title : (1) fi. fa. for the year 1933 for $44.78, against M. S. Holton and Lillian V. Puckett, on which appeared an entry of levy by J. W. Hancock, deputy sheriff, on the land described in the foregoing deed, in which it is recited, "By virtue of the within fi. fa. I have, this 15th day of October, 1937, levied on eighty (80) acres, more or less, of lot of land No. 367, in the 5th land district of said state and county, as follows :" (described as in the deeds, but not recit-

ing as to whose property said land was levied on); (2) fi. fa. for the year 1935 against Lillian V. Puckett for $43.94, besides interest and cost, on which appears an entry of levy dated October 15, 1937, signed J. W. Hancock, D. S.

The question to be determined is, which of the parties under the record has the better title. The evidence for the defendant shows all of the requirements necessary to establish a complete equity in him to the sixty-acre tract of land in question, under a parol gift as specified under the Code, § 37-804, and the decisions on that principle. This defense can be urged as a defense to a dispossessory proceeding. *Bashinski* v. *Swint,* 133 *Ga.* 38 (65 S. E. 152); *Garrick* v. *Tidwell,* 151 *Ga.* 294 (106 S. E. 551); *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96 (166 S. E. 673). The defendant's possession was notice to the world of his claim and rights. *Baldwin* v. *Sherwood,* 117 *Ga.* 827 (45 S. E. 216). Having shown such title, the burden was shifted to the plaintiffs to show some superior right or title to defeat or overcome the defendant's right. To do this they chose two means of attack: first, by muniments of superior title by reason of sales under tax liens; second, by reason of record title deeds from a common grantor, M. S. Holton, aided by conduct of the defendant in connection therewith which estopped him from claiming preference over the plaintiffs' chain. Let us consider the first. We have purposely set out in detail the evidence regarding the tax sales proposition. It will be observed that the evidence shows that the defendant, during the transactions, was in possession of the sixty-acre tract, claiming it as his own. None of the fi. fas. were issued against J. C. Holton. Conceding that the conveyances made under the levies, particularly the two for taxes for the year 1933, for $44.78, against M. S. Holton and Lillian V. Puckett, and the year 1935, for $43.94, against Lillian V. Puckett, included in the descriptions the tract in dispute, the record further shows from a number of witnesses for the defendant that the tract in question was capable of division, so that only a few acres could have been levied upon and sold for a sufficient amount to pay the taxes and costs. The evidence showing that the tract was worth $20 per acre and other amounts sufficient for a portion of the tract to satisfy the tax liens—as to these two fi. fas., and others—this presented a jury question. For this reason the court erred in directing the verdict for the plaintiff.

The second question is, does the evidence demand as a matter of law that the defendant is estopped to deny the plaintiffs' title? On this question the plaintiffs contend that the defendant witnessed a deed and several other documents concerning the tract in question. We will deal with the one from F. T. Holton, his brother, to M. S. Holton, his mother, November 25, 1921, conveying the 325-acre tract in which was included the sixty-acre tract claimed. In this connection the defendant testified, in substance, that he merely signed as a witness this and the other instruments of conveyance from the mother, not inquiring of their contents, not reading them, and not knowing of the contents. "I did not know what I was signing. I would not have read the paper to see what it was. I would have no recollection of signing the paper. If my mother asked me to attest her signature, I did it. I did not examine the papers to see what paper she was signing, or what she was giving over, or anything like that." Under the principle announced in *Chenoweth-Holder Lumber Co.* v. *Beck,* 171 *Ga.* 280, 284 (155 S. E. 318), this would not amount to an estoppel. The Supreme Court said: "It is true that Beck signed this deed as a witness, and a presumption arises that he knew the contents thereof; but he denies that he knew the contents of the deed. And this evidence might well have been taken as true by the court. We know that men do frequently attest deeds as witnesses without knowing the contents of the deeds; and Beck distinctly testified: 'I am not a party to this deed in any way, only as a witness. I know nothing of the transaction at all. I signed a stack of papers about that high, and that was all there was to that.'" See *Duncan* v. *Beasley,* 174 *Ga.* 28 (2) (161 S. E. 829), where the court held: "Merely attesting a deed will not work an estoppel." Also *Groover* v. *Simmons,* 163 *Ga.* 778, 780 (137 S. E. 237). The questions presented by the instruments which the defendant witnessed are controlled adversely to the plaintiffs under this same principle of law.

We come next to consider whether the defendant is estopped by the other acts complained of. He signed a bill of sale to the Secretary of Agriculture, included in which was a waiver by his mother, as owner, of rent of lot No. 367, including the sixty-acre tract. In explanation of this he testified that he was farming also his mother's portion. In view of this explanation it can not be said, as a matter of law, that this would work an estoppel. Introduced in

evidence was the record of a suit filed in Bacon superior court in 1934 by Mrs. Lillian V. Puckett against named persons, including the defendant, to correct an alleged date of a deed from F. T. Holton to M. S. Holton, in which it was alleged that by mistake the date was November 25, 1921, instead of November 25, 1931, the correct date of the transaction. This suit prayed for a correction of the date to this effect. No other relief was asked. A verdict and decree were rendered, granting this correction. This does not estop the defendant from asserting his claim under a parol gift as against the plaintiffs, who were neither parties nor privies to that suit. Code, § 38-623. It can in no sense be said that the parties to the instant suit bore the relation of either. *Morris* v. *Murphy,* 95 *Ga.* 307, 309 (22 S. E. 635, 51 Am. St. R. 81); *Pool* v. *Morris,* 29 *Ga.* 374, 382 (74 Am. D. 68); *Rawson* v. *Brosnan,* 187 *Ga.* 624, 628 (1 S. E. 2d, 423).

The defendant contends that he is entitled to prevail under the Code, § 48-106 (Code of 1863, § 2622), which provides: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title by the child." This section distinctly says, and deals with, lands belonging to the "father," and may not be extended to include lands belonging originally to the mother. We find no Georgia decisions dealing with the question.

For the foregoing reasons, the court erred in directing the verdict for the plaintiffs.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*