20409.   YATES *v.* YATES, Administratrix.

844

*G. B. Cowart, Vance E. Mitchell,* for plaintiff in error.
*Sapp & Flexer, Robert Asa Sapp,* contra.

WYATT, Presiding Justice. 1. The general demurrer and ground 7 of the special demurrers are without merit, because the petition alleges an oral promise to give a certain tract of land, a good consideration, an entry into possession in pursuance of the promise, and the making of valuable improvements on the property. This is sufficient to state a cause of action for specific performance of a voluntary promise. See Code § 37-804 and *Sikes* v. *Seckenger,* 164 *Ga.* 96 (137 S. E. 833).

2. Ground 1 of the special demurrers attacks portions of paragraph 5 of the petition, in which it is alleged that the defendant in giving this land to Albert Yates was carrying out an expressed desire to give to her sons part of the land which she owned, upon the ground that this allegation was not germane to any issue in the case. There is no merit in this contention. The matters complained of in this ground are matters which might be properly shown for the purpose of explaining the defendant's conduct and actions with reference to the land in question.

3. Special ground 4 of the special demurrers attacks and moves to strike a portion of paragraph 10 of the petition, which reads as follows: "On said deed [referring to a deed from Mrs.

Ethel Yates to Way and Sellers executed after the alleged gift to Albert Yates] Albert C. Yates, as owner of the tract immediately west of said property, signed a written acknowledgment that the westerly line of the property sold by his mother and as shown on said plat attached represented the true dividing line between his tract and the tract being sold by defendant to Way and Sellers," upon the ground that the same would constitute a declaration on behalf of the deceased in favor of his own title, and that such declarations are not admitted in cases of this kind. There is no merit in this contention. While generally it is true that self-serving declarations are not admissible unless made in the presence of the opposite party or as a part of the res gestae (*Dozier* v. *McWhorter*, 117 *Ga.* 786, 45 S. E. 61), in the instant case the petition shows on its face that the declarations were made in the presence of Mrs. Ethel Yates, the defendant in this case. See also *Rabun* v. *Wynn*, 209 *Ga.* 80 (70 S. E. 2d 745), and *Daniel* v. *Hannah*, 106 *Ga.* 91 (31 S. E. 734). The cases cited and relied upon by the plaintiff in error are not applicable under the facts in the instant case.

4. Ground 5 of the special demurrers and a portion of ground 4 raise the same question and involve an objection to the language in the petition to the effect that a certain quitclaim deed executed by Albert C. Yates was incorporated in the deed from the defendant to Way and Sellers. There is no merit in this contention. In the view we take of this case, it makes no difference whether or not the quitclaim deed was incorporated in the deed to Way and Sellers. It was a part of the same transaction, it is included under the same cover as the deed to Way and Sellers, and the defendant's knowledge of it is just as great whether or not it was incorporated. It further appears that the quitclaim deed was executed for the purpose of closing the sale of property by the defendant to Way and Sellers. It was, therefore, not error to overrule this ground of special demurrer.

5. Special ground 6 of the special demurrers moves to strike paragraph twelve of the petition in which it is alleged that the defendant had her attorney prepare a deed in fee simple to the land in dispute, but did not get to said attorney's office to sign same prior to the death of Albert Yates, upon the ground that

said paragraph was not germane to any issue in the case and that since the deed was not executed, it could not bind the defendant. There is no merit in this contention. While the unexecuted paper could not be introduced to prove title in Albert Yates, since it was not a deed at all and would not prove title in any event, it is a circumstance which the jury could properly consider in determining whether or not there had been a gift of the land in question by the defendant to Albert Yates, which was the controlling issue in this case. It was not error to overrule this ground of the special demurrers.

6. We next consider the judgment denying the motion for judgment notwithstanding the verdict, and the general grounds of the motion for new trial. It is obvious, of course, that, if there is any evidence to support the verdict, the denial of the motion for judgment notwithstanding the verdict is not erroneous. This is true in spite of the rule of law insisted upon by the plaintiff in error, to the effect that, when one seeks to establish a parol gift of land and seeks specific performance of the gift, the gift must be established to a moral and reasonable certainty and beyond a reasonable doubt by clear, strong, and satisfactory evidence. It is the duty of the trial judge to charge the jury with respect to the quantum of proof required to establish the gift, and when the jury has found in favor of the gift, it necessarily means that they have found that the required quantum of proof has been adduced. Therefore, if there is any evidence to support the verdict of the jury in this case, this court can not and will not interfere with their verdict.

In the instant case, there is no controversy about the entry into possession, the making of valuable improvements, or any other element required to establish a parol gift of land, except whether or not any gift or promise to give the land in question was ever made by Mrs. Ethel Yates to Albert C. Yates. As to this question, we find, after a very careful study of the evidence adduced on the trial, that there was sufficient evidence to support the verdict rendered. There is testimony that in 1954 Mrs. Yates and Albert Yates discussed what he should get, and that it was decided that he should get the land here in controversy; that Albert Yates hauled and sold fill dirt from the property and

kept the proceeds; that he built an expensive house on the property and lived in it until he died; that he paid the defendant no rent on any of the property; that a plat which had been previously drawn was redrawn or amended in 1954 to show that Albert C. Yates was the owner of this property, and that the defendant got a copy of the plat; that Albert C. Yates executed a quit-claim deed in the presence of the defendant in connection with a sale of adjoining property by the defendant to Way and Sellers, in which it was recited that Albert Yates was the owner of the property adjoining that being sold, and in it Albert Yates acknowledged that the line contained in the description of the property being sold was the dividing line between his property and that being sold. There was also evidence that the defendant made no objection to any of the language contained in the quit-claim deed.. Finally, on page 29 of the record, there appears the testimony of a witness who testified that "defendant did give him the land." There is other evidence in the record which could be pointed out in support of the verdict, but that above pointed out demonstrates adequately that there was evidence which authorized the jury to return the verdict rendered. It was, therefore, not error to deny the motion for judgment notwithstanding the verdict. For the same reasons, it was not error to deny the motion for new trial on the general grounds.

7. (a) The first special ground of the motion for new trial complains of the admission in evidence over timely objection of a deed from the defendant to Way and Sellers, and, included under the same cover, the quitclaim deed signed by Albert C. Yates in connection with this transaction, and a plat of the property which was prepared by a surveyor named Freeman, on the ground that they are not germane to any issue in the case. There is no merit in this contention. Each of these items is evidence which the jury could properly consider in determining whether or not a gift of the property had been made. This is especially true in the instant case, where it appears that all of these items of evidence were prepared in a transaction and at the instance of the defendant for the purpose of completing a sale of property belonging to her, since each document has included in it references to Albert Yates as the owner of the property here involved.

(b) The quitclaim deed was further objected to on the ground that it was a self-serving declaration by a person since deceased in favor of his own title. There is no merit in this contention for the reasons stated in division 3 of this opinion.

8. Special ground 2 of the motion for new trial complains of the admission in evidence over objection of a paper which was a form of deed conveying the property here involved from the defendant to Albert C. Yates, upon the ground that, since the paper was not executed, it did not bind the defendant and was not admissible for any reason. Special ground 3 complains of the admission in evidence of a copy of the above paper, upon the same grounds. There is no merit in either of these grounds. The paper which was introduced in evidence was not a deed, and could not have been introduced for the purpose of proving title in Albert Yates, because it could never have any effect in conveying title to Albert Yates. The question involved in this case was not whether Albert Yates had title to the property here involved, but was whether or not the representative of Albert Yates had an equitable right to have a court decree title in the estate of Albert Yates, not by virtue of any deed, but by virtue of a parol gift of land. In such case, the deed is a circumstance which the jury might properly consider in connection with the evidence adduced on the trial as to the preparation of the deed, which it is not necessary to set out here except to say that the defendant participated in procuring the preparation of the deed, and the other evidence adduced in determining whether or not the defendant had given the property to Albert Yates.

9. Special ground 4 of the motion for new trial complains of the admission in evidence over objection of a plat prepared by C. H. Bliss in 1948, which was amended in 1954 to show Albert Yates as the owner of the property here in question. The evidence with reference to this amended plat is that it was prepared at the direction of Albert Yates, and that the defendant was given a copy of the plat which she had in her possession. The objection made to the plat was that it was done without the knowledge of the defendant and would not be binding upon her and would not convey title. There is no merit in this contention. The plat could not, of course, convey title to anyone, and

no one contended that it did. The question involved was whether or not Mrs. Yates had given this land to Albert Yates. Upon this question, the plat, of which the defendant had knowledge and to which she made no objection, was certainly a circumstance which the jury could properly consider.

10. Special ground 5 of the motion for new trial contends that the court did not charge the jury adequately on the burden of proof required to show a parol gift of land. There is no merit in this contention. The charge of the court fully covered the requirements as to the proof of a parol gift of land, and it was reiterated again and again to the jury. The charge is not subject to the complaint made.

11. From what has been said above, it follows there was no error in the overruling of the demurrers to the petition, in denying the motion for judgment notwithstanding the verdict, and in denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*