## 21177. HARWELL v. HAYES.

ARGUED MARCH 13, 1961—DECIDED APRIL 6, 1961.

*Greeley Ellis*, for plaintiff in error.

*Campbell & Vaughn, R. P. Campbell, C. R. Vaughn, Jr., Byrd & Quillian*, contra.

ALMAND, Justice. P. F. Hayes brought a petition against Mrs. Carrie H. Harwell, seeking reformation of a warranty deed, absolute in form, to a loan deed or mortgage, alleging that, at the time the plaintiff bought the property, he borrowed $1,547 from Mrs. Harwell; that he signed what he thought to be a mortgage or loan deed payable to the defendant in the sum of

$1,547; that the plaintiff repaid said loan; that he made a demand upon the defendant for the deed, and was then notified that the deed he signed was not a mortgage or loan deed, but a warranty deed to one-half undivided interest in his property, and that said deed would not be delivered to him; and that, ever since he purchased said property, he had been in possession of the same. The petition was not demurred to. The jury returned a verdict for the plaintiff, finding the debt paid, and a decree was entered declaring the deed to be a security deed and ordering the cancellation of its record: The case now comes to this court on the exceptions by the defendant to the denial of her motion to set aside the judgment in the court below, on the ground that said petition fails to set forth a cause of action, for it fails to allege that the plaintiff could not read and understand the plain meaning of the warranty deed, and that there was no specific allegation of fraud in its procurement.

Where a petition to have a warranty deed declared to be a security deed shows that the grantor is no longer in possession, it sets forth no cause of action where it fails to allege that the petitioner could not read, or that any fraud was practiced. *Burns v. Washington,* 149 Ga. 42 (99 S. E. 115). However, the rule is otherwise where it is shown that the grantor remains in possession. In such a case as the instant one, it is sufficient to allege that the true intention of the parties was to make a mortgage or security deed, and such may be shown. *Askew v. Thompson,* 129 Ga. 325 (58 S. E. 854), and *Simpson v. Ray,* 180 Ga. 395 (178 S. E. 726).

Under the authorities above cited, the petition set forth a cause of action, and no error was committed in refusing to set the judgment aside.

*Judgment affirmed. All the Justices concur, except Quillian, J., disqualified.*