21612.   OWENS v. WHITE et al.

SUBMITTED APRIL 10, 1962—DECIDED MAY 14, 1962—
REHEARING DENIED MAY 28, 1962.

*J. A. Merritt, N. G. Reeves, Jr.,* for plaintiff in error.
*Nelson & Nelson, Carl K. Nelson, Jr.,* contra.

MOBLEY, Justice. "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create [a] conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title by the child." *Code* § 48-106. It is under this section that plaintiff seeks recovery in the first three counts of her petition. However, this section is not applicable under the

facts of this case, as the possession of the daughter was of lands originally belonging not to the father as required by that section, but to the mother. See *Holton v. Mercer*, 195 Ga. 47, 54 (5) (23 SE2d 166), where this court approved a ruling of the Court of Appeals in *Holton v. Mercer*, 65 Ga. App. 53, 59 (15 SE2d 253), where that court held: "This section distinctly says, and deals with, lands belonging to the 'father,' and may not be extended to include lands belonging originally to the mother."

As heretofore set out in the statement of facts, L. W. White, the father of plaintiff, acquired the land in question by a deed dated September 19, 1903, and recorded May 20, 1904, and he transferred the property to his wife, Mrs. Treacy White, by the deed dated May 5, 1923, and recorded August 22, 1941. Thus, when the daughter went into possession of the land on January 1, 1927, and at all times until January 11, 1958, when Mrs. Treacy White deeded this property to her son, the defendant here, not the father of plaintiff but her mother, was the owner of the property and accordingly no conclusive presumption of gift from the father to her could have arisen.

Plaintiff contends, however, that the deed from her father to her mother in 1923 was invalid and did not constitute a valid conveyance of the property to her mother, that title had remained in her father, and that, under *Code* § 48-106, she had acquired title to the property. The basis for this contention is that the deed was never delivered by her father to her mother, that plaintiff had acquired title before the deed was recorded in 1941, that she had been in possession continuously since 1927, had not paid rent, and there was no evidence of a loan, or claim of dominion by the father acknowledged by her, or disclaimer of title by her. The only witness on the issue of delivery of the deed was Mrs. Treacy White, the grantee, who testified positively that her husband delivered the deed to her, as shown by the following portion of her testimony: Q. "He had the deed?" A. "Yeah, he had the deed fixed and brought them and give them to me." Q. "Put them in your hand?" A "Yeah." Q. "Gave them to you, said that was your property?" A. "Yeah." Q. "He was giving it to you?" A. "Yeah."

4

On cross-examination, counsel for plaintiff confronted her with testimony given by her on a former trial, but we find nothing in the record which contradicts her testimony that her husband delivered the deed to her. Accordingly, there was no issue of fact as to the first three counts of the petition to submit to a jury, and the trial court did not err in granting a judgment for the defendant on these counts notwithstanding the mistrial.

However, we must conclude that the trial court was in error in granting a judgment in favor of defendant notwithstanding the mistrial, since the evidence as to count 4 was in conflict and raised an issue of fact which required a jury's consideration. In count 4 plaintiff alleges that Mrs. Treacy White, her mother, and L. W. White, her father, promised to give and did give the land to plaintiff because of their love and affection for her and so she could be and live near them and give them help and assistance; that since she moved onto the land in 1927, she has helped and cared for them and has performed her part of the agreement; that, pursuant to that agreement she went into possession of said land in 1927, and has been in possession at all times since; that she has made valuable improvements thereon by rebuilding the house, building a barn thereon, planting trees, and terracing the land. By reason thereof, she seeks a decree of specific performance of the agreement, as authorized by *Code* § 37-804, which, provides that: "Specific performance will not be decreed of a voluntary agreement or merely gratuitous promise. If, however, possession of lands has been given under such agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement."

The land in question is Land Lot 35, in the 12th District of Laurens County, Georgia. Mrs. Owens testified as follows: Q. "You are familiar with the tract of land involved in this suit, Land Lot 35 in the 12th Land District of Laurens County?" A. "Yes, sir." Q. "Who owns that land?" A. "I do." Q. "How did you get title to it?" A. "My father give it to me." Q. "Did your mother have anything to do with it?" A. "She said for me to stay there, it was mine." Q. "Where were you living on January 1st, 1927, Mrs. Owens?" A. "Well, I moved

where I'm a living on January 1st, 1927." Q. "On this same tract of land?" A. "Same tract." Q. "Have you lived there continuously since that time?" A. "Yes sir, only we went off one winter, but we didn't move, we just went." Q. "What winter was that?" A. "In '44."

She further testified that her mother and father came to Florida in 1926, and asked her and her husband to move back home and be with them and help them when they were sick; that they said that would be her home. She testified: Q. "Did Mrs. White make any promises to you, your mother?" A. "Well, she said that'd be my home." Q. "Did she give you this piece of land, this tract of land?" A. "Yes, sir." Q. "Did you accept it as your home?" A. "Yes, sir." She further testified that she made improvements thereon, rebuilt a house, built a barn, set out fruit trees, and put up fences. The plaintiff's two sisters testified substantially the same as the plaintiff. The evidence is uncontradicted that the plaintiff was living in the house on the land in question, and was farming a part of it at the time Mrs. Treacy White made a deed of the land to the defendant. Defendant thus took with notice of any title or right which the plaintiff may have had in this property. *Wilkinson v. Dix*, 151 Ga. 605 (1a) (107 SE 844).

Mrs. Treacy White, who held title to the property, testified that she did not give the plaintiff this property, that she never promised to do so, and that plaintiff did not go into possession under any agreement of any kind with her. There was other evidence contradictory of the plaintiff's.

Thus there is evidence of an oral promise made by Mrs. White, the owner of the property in question, to give it to her daughter, the plaintiff; a meritorious consideration; an entry into possession in pursuance of the promise; and the evidence is uncontradicted that plaintiff was living in the house located on this land and was farming it at the time Mrs. Treacy White made a deed of the property to the defendant. This evidence would support a verdict for the plaintiff. An oral gift of land becomes complete and irrevocable when the donee takes possession of the donated premises and, on the faith of the gift, makes valuable improvements; and, as against the donor and those

claiming under him with notice, a completed gift of land invests the donee· with a perfect equitable title. See *Code* § 37-804; *Sikes v. Seckinger*, 164 Ga. 96 (137 SE 833); *Yates v. Yates*, 214 Ga. 843, 844 (1) (108 SE2d 330). On the other hand, the mother testified that she did not make any gift or promise to give this land to her daughter, which evidence if believed by the jury would authorize a verdict for the defendant.

In view of the conflicting evidence, a verdict was not demanded for either party, and the trial judge erred in granting defendant's motion for judgment notwithstanding the mistrial. See *Code Ann.* § 110-113; *DeLoach v. Myers*, 215 Ga. 255 (1) (109 SE2d 777).

*Judgment affirmed in part; reversed in part. All the Justices concur.*