## WATERS *v.* WATERS *et al.*

124　349
d129　328

1. As has been repeatedly ruled, the head of a family to whom has been set aside a homestead under the constitution of 1868 may convey his or her "reversionary" interest therein.

2. A petition, filed in 1903, seeking to cancel a deed made in 1877, on the ground that its execution was induced by fraudulent misrepresentations by the grantee, but which does not allege when the fraud complained of was discovered, is bad as against an appropriate demurrer setting up the statute of limitations. This is so for the reason that it is incumbent on the plaintiff to show in himself a complete right of action, and because pleadings must be construed most strongly against the pleader.

3. Equity will not decree the specific performance of a parol agreement made contemporaneously with the execution of a deed and alleged to have been a part of the consideration moving the grantor, the deed on its face being an unconditional conveyance, and it not appearing that

anything was omitted therefrom by mistake. If the written instrument does not speak the true intention of the parties, it must be reformed before relief can be obtained.

4. Equity will not enjoin the institution of a suit to which the party seeking the injunction may have a defense available to him on the trial of the same.

Argued October 7,—Decided November 20, 1905.

Equitable petition. Before Judge Rawlings. Bulloch superior court. April 25, 1905.

This case comes up on exceptions to the ruling of the court below sustaining a demurrer to the plaintiff's petition. The allegations of the petition were substantially as follows: In June, 1870, Mrs. Sarah Waters, the petitioner, being then the head of a family consisting of herself and certain minor children, took a homestead, under the constitution of 1868, in described realty, title to which she had acquired some two years previously. In March, 1877, during the continuation of said homestead, and before the beneficiaries thereof had attained their majority, petitioner executed to her son, Robert B. Waters, one of the defendants, a paper purporting to be a warranty deed to the land mentioned. This instrument was executed on condition that petitioner be allowed to remain in possession and control of the land during her life, this agreement being made simultaneously with the execution of the deed and understood as part of the consideration thereof. The deed recited a consideration of $250, but this amount has never been paid to petitioner, the only payment which Robert B. Waters has ever made on the land being a sum less than $200, the exact amount being unknown to petitioner, which was paid, about the time of the execution of the deed, to cancel a mortgage in favor of one Preetorius, which was not a legal lien against the land, but which Robert B. Waters represented to petitioner was enforceable and valid. In making this representation to her Robert B. Waters misled petitioner and took advantage of the confidence she placed in him as her son, and petitioner, "being ignorant of the forms and processes of law," believed that she was in danger of losing her home. Robert B. Waters then offered to take up and settle the mortgage on condition that his mother would execute a deed to the land to him, at the same time making the oral agreement already mentioned. Petitioner has ever since remained in the open and peaceable possession of the property, and has never paid any rent therefor, nor has any rent been exacted

of her. Recently Robert B. Waters has sold the property to Deal, who is preparing and threatening to eject petitioner from the premises, and unless restrained by the court he will carry out his threats. The agreed purchase-price is four thousand dollars, of which amount one thousand dollars is a cash payment, the remainder being secured by a note and mortgage from Deal to Waters. It was alleged that the deed from the plaintiff to her son was void, because it was without sufficient consideration; because it was procured by undue influence over petitioner; because it purported to convey homestead property, which could not be conveyed; and because it was in truth a deed to secure a debt growing out of the Preetorius mortgage, and Waters has been fully repaid, having received, from the sale of a portion of the land and certain timber thereon, more than enough to satisfy the debt mentioned. It was also alleged that petitioner's uninterrupted possession of the land was notice to Deal, the purchaser from Waters, of her title; that Deal acquired no better title than Waters had, and that he is bound in law and equity by petitioner's right in the same manner as Waters. Petitioner claims the full legal title to the land; but if the court should decree otherwise, she claims an equitable title, and alleges that the deed to her son was only a security deed, and, the debt having been paid, she is entitled in equity to the land. If, however, it should be held that she parted with the title to the land, she alleges that she is entitled to the possession, control, and occupancy, and to the rents, issues, and profits thereof for the remainder of her life, in accordance with the terms of the agreement made with her son contemporaneously with the execution of the deed to him. But if it should be held that Deal, by reason of his purchase from Waters, has acquired the legal title and the right to the possession of the premises, petitioner alleges that Robert B. Waters is indebted to her, by reason of his failure to carry out his agreement, in a sum equivalent to the value of her life-estate in the property, based on the standard tables of life expectancy. Also, if Deal has acquired the legal title to the property and the right to the immediate possession thereof, it is alleged that the money and notes given in payment therefor are her property and charged with a trust in her favor in the hands of Waters and Deal. She prayed, (1-3) that her deed to Waters, executed in 1877, and the deed from Waters to Deal be canceled, and the full legal title to the property in dispute be decreed to be in

petitioner; (4) that Waters and Deal be enjoined from interfering with petitioner's possession, by process of law or otherwise; (5) that Waters be enjoined from transferring or otherwise disposing of the notes, mortgage, or other evidence of indebtedness given him in the purchase of the land by Deal; (6) in the event it should be decreed that title was in Deal, that this title should be decreed to be an estate in remainder, to take effect only after the death of petitioner; (7) in the event it should be decreed that full legal title, with the right to immediate possession, is in Deal, that the four thousand dollars purchase-price of the land be decreed to be a trust fund for the benefit of petitioner; (8) in the event that none of the preceding prayers be granted, that judgment be awarded against Robert B. Waters for damages in the sum of $4,000, for the violation of his contract with petitioner; (9, 10) for general relief, and for process. The demurrer was general, and on the further grounds, that the right to cancellation prayed for is barred by the statute of limitations; that the petition sets up inconsistent and contradictory causes of action; that the petition seeks to annex a condition to a deed by parol, and to contradict, add to, and vary the terms of a written contract by parol; and that certain paragraphs were not sufficiently definite to constitute the basis of a recovery.

*Brannen & Booth,* for plaintiff.

*J. K. Hines, J. F. Brannen,* and *G. S. Johnston,* for defendants.

CANDLER, J. (After stating the facts.) 1. The question whether Mrs. Waters could, under the constitution of 1868, obtain a valid homestead as the "head of a family" was not raised by counsel either at the trial below or upon the hearing before this court, but both sides treated the homestead set apart to the plaintiff as in every respect valid. Without going into this question, then, we come to consider the effect of the deed made by Mrs. Waters to her son, in which she undertook to convey the fee to the land to her son. While the plaintiff could not convey the homestead property in such a way as to defeat the rights of her minor children therein, her deed was sufficient to pass out of her whatever claim to, or interest in, the land that she may have possessed. *Huntress* v. *Anderson,* 110 *Ga.* 427. There is no merit in the contention that the deed was void as to the plaintiff because it sought to convey homestead property.

2. The only other reason assigned why the deed from the plaintiff to her son should be held void is that fraud was committed in its procurement. It is extremely doubtful if the allegations of the petition as to the alleged misrepresentation by Waters of the legal effect of the Preetorius mortgage make such a case of fraud as to warrant the cancellation of the deed made to him in consequence of such misrepresentation. But granting, for the sake of the argument, that they do, more than twenty-six years elapsed between the commission of the alleged fraud and the filing of the present suit, and it does not appear at what time during that long period the plaintiff discovered that she had been defrauded. Apparently nothing was done to prevent her from acquainting herself with the truth as to the legal effect of the so-called Preetorius mortgage. It was incumbent upon her, in filing her petition, to show that her cause of action was not barred. This was not done. Her pleadings must be construed most strongly against her; and therefore it will be presumed that she discovered the alleged fraud at such a time in the past as that her right of action has expired by limitation.

3. As to the prayer that the plaintiff be decreed to have a life-estate in the property in dispute, it is sufficient to say that this would be nothing more or less than engrafting a parol agreement upon a written deed and changing the estate conveyed by the written instrument. The relief sought is not available without a reformation of the deed from the plaintiff to her son, which was not prayed (*Perkins Lumber Co.* v. *Wilkinson,* 117 *Ga.* 394) ; and reformation of the deed could not be had, because it appeared that there was no intention to insert in the instrument any provision of the character indicated. *Ligon* v. *Rogers,* 12 *Ga.* 281.

4. As to the various other prayers of the petition, it does not appear that the plaintiff's possession of the premises has been interfered with, nor does it appear that the plaintiff has any right which she may not assert in defense to an action of ejectment or other legal proceeding that may be taken to oust her from possession. "Equity will not enjoin the proceedings and processes of a court of law, unless there is some intervening equity, or other proper defense, of which the party, without fault on his part, can not avail himself at law." Civil Code, §4915; 7 Enc. Dig. Ga. R. 340, 369. Should Deal make any effort to oust the plaintiff from possession of the

land, it will then be time for her to assert any rights she may have. The court did not err in sustaining the demurrer and dismissing the petition.        *Judgment affirmed.    All the Justices concur.*