## MASON *v.* COBB.

ATKINSON, J. The allegations of the petition as amended, as against a general demurrer, presented such a case of mutual mistake in expressing certain matters, and in omitting other matters, from a written contract that were intended to be expressed therein, as would authorize a decree of reformation in a court of equity. Civil Code, §§ 4570, 4576, 4579; *Wyche* v. *Greene,* 16 *Ga.* 49; *Lucas* v. *Lucas,* 30 *Ga.* 191 (76 Am. D. 642) ; *Kelly* v. *Hamilton,* 135 *Ga.* 505 (69 S. E. 724). The court erred in dismissing the petition.

*Judgment reversed. All the Justices concur.*

No. 986. OCTOBER 15, 1918.

Equitable petition. Before Judge Hardeman. Emanuel superior court. April 12, 1918.

T. F. Cobb as owner, and G. L. Mason as lessee, signed a written contract, which, omitting formal parts, was as follows: "This contract entered into between Thos. F. Cobb, party of the first part, and G. L. Mason, party of the second part, for and in consideration of four dollars per acre, to be paid in cotton at ten cents per pound, said cotton to grade good middling, it is agreed between party of the first part and said party of the second part that said lands are to be surveyed and said party of the second part is to pay four dollars per acre for lands actually cultivated. It is further agreed that this lease is to begin with the year 1916, and run for a period of five years, 1916, 1917, 1918, 1919, 1920. It is further agreed that this lease is to cover the entire home place with all improvements thereon of said party of the first part, with the exception of the house now occupied by said party of the first

part; and the small tenant-house about two hundred yards beyond where said T. F. Cobb now resides, and about three or four acres of cultivated lands adjacent to said T. F. Cobb's residence; the party of the first part agrees to fence said three or four acres to itself. The party of the second part is to deliver to party of the first part sufficient cotton (grade good middling), at ten cents per pound, to pay said rent note each year; the party of the first part agrees for the party of the second part to deliver said rent cotton each year by the 15th day of September, or before if the party of the second part sees fit. The party of the first part agrees for the party of the second part to fence about four acres of land, which was originally fenced by said party of the first part, said four acres being adjacent to spring, said to be used by party of the second part for a pasture during the life of this lease." The lessee took possession under the contract, and at the end of the second year the landlord was about to distrain for rent, and to evict the lessee for non-payment of rent. On January 3, 1918, the lessee instituted an action to reform the contract, and to enjoin the landlord from distraining and from evicting the defendant. The petition as amended set forth a copy of the contract, and, in addition to what has just been stated, alleged the following in substance: During the fall of 1915 the plaintiff and Cobb discussed at various times the matter of plaintiff renting from Cobb for a period of five years the above-described property, and made a verbal agreement that the plaintiff was to rent the property for a term of five years beginning January 1, 1916. "This plaintiff was to pay as rent for said land at the rate of four dollars per acre for each acre of cultivable land; that the said Cobb was to have said lands surveyed as soon as practicable; and that this plaintiff was to execute and deliver to said Cobb promissory notes for each year of said rental period, the same to be for an amount equal to the number of acres as shown by the said survey when it was made, multiplied by four dollars per acre, said notes to be payable to the said Cobb, due one in the fall of each and every year. It was further agreed that this plaintiff was, however, to have the privilege of paying said notes in cotton on the basis of ten cents per pound, if plaintiff so elected; and if plaintiff elected to pay said notes in cotton, he, the plaintiff, must deliver sufficient cotton to grade good middling by the 15th day of September each year.

. . Plaintiff and the said defendant each desired to reduce their agreement to writing, and, neither being skilled in the preparation of leases or other legal instruments, approached one S. H. Lynch, cashier of the Bank of Adrian, requesting that he do so for them. Said Lynch demurred, stating that he likewise was not skilled in the drawing of and in writing of instruments of such a character as that wished, but finally agreed to do so upon condition·that the parties would dictate to them the words of their agreement, and neither plaintiff, defendant, nor said Lynch knowing or understanding the full legal meaning and significance of the words used, this plaintiff undertaking to dictate to said Lynch, in the presence of said Cobb, the aforesaid agreement, except that part of the agreement relating to the description of the promissory notes, but plaintiff and defendant agreed that that part of the agreement should be left blank to be inserted later, and after the survey of the land had been made;·and the parties did dictate to, and the said Lynch did write the instrument hereto attached [above quoted]. Plaintiff alleges that [where] in the first part of said written instrument are the words, 'for and in consideration of four dollars·per acre, to be paid in cotton at ten cents per pound,' the words should have read, in order to express the true agreement of the parties, 'for and in consideration of four dollars per acre, which may be paid in cotton at ten cents per pound,' and both of the parties thought and intended that said words were used and that they appeared in said instrument, and did not intend to use the clause as appeared in said instrument. Plaintiff further alleges that the words appearing in the last paragraph of said written instrument, 'if the party of the second part sees fit,' should, in order to express the real agreement between the parties, and which they attempted to reduce to writing, appear at the beginning of said paragraph, and that these words should be followed by the words, 'deliver cotton,' and both of the parties so understood and agreed. Plaintiff alleges that in the written instrument, and about the middle of said instrument, which was written on typewriter, there were several blank lines, and that in said space, it was agreed by both of the parties thereto, should be inserted a memorandum relative to the notes hereinbefore mentioned, and that said memorandum was to be inserted after the notes were executed pursuant to the ascertainment of the number of cultivatable acres, as hereinbefore

set out. Plaintiff alleges that the failure to correctly reduce to writing the verbal agreement hereinbefore set forth was due entirely to accident or mistake and ignorance both of law and fact on the part of both of the parties to said agreement, and that the said written [writing?], due to said accident and mistake and the ignorance of the parties of the proper and legal construction of an instrument of writing, does not express the true agreement of said parties, and was therefore a defective execution of the intent of the parties." Other allegations were, that the plaintiff tendered to the defendant a stated amount of money which was sufficient, under the terms of the contract, for the amount of rent for the year 1917, according to a statement as to acreage as made by the defendant, but that the defendant refused to accept the money, and instead demanded cotton at the rate of forty pounds per acre. At the time of the tender the market price of cotton was twenty-five cents per pound, or more, thus making the amount of rent, if paid in cotton at ten cents per pound, exceed the amount if paid in money at four dollars per acre. The prayers were, for reformation of the written contract so as to conform to the intention of the parties, as above set out, and for injunction. The defendant demurred to the petition as amended, on the ground that no cause of action was alleged. The demurrer was sustained, and the petition dismissed. The plaintiff excepted.

*A. W. Jordan, M. P. Kea,* and *Williams & Bradley,* for plaintiff.
*T. P. Stephens,* for defendant.