JOHNSON *v.* JOHNSON.

1. Where in an action to cancel a deed the plaintiff alleged that she agreed with the defendant (her son) to convey to him a house and lot that she owned and still owns, so that he could borrow money and secure the loan by mortgage on the lot, it being definitely agreed between them that this was the only purpose of her conveyance to him, and that he would reconvey the land to her when the loan was repaid, and that the loan had in fact been repaid but the defendant refused to reconvey the property to her; and where the defendant denied an agreement to reconvey the property, but averred that it was conveyed to him unconditionally and that he was the true owner of it; and upon the trial each party testified to having repaid the loan in whole or part with funds belonging to herself or himself: *Held,* that it was not error requiring a new trial that the court charged the jury that if the plaintiff and her son agreed that she would convey the property for the purpose solely of allowing him to borrow money on it, and that he would reconvey it to her when the loan was paid off, she would be entitled to recover; and that " if these are the facts, it doesn't make any difference who paid off the loan, whether she paid any part of it or not, or paid all the interest or any part of it or not."

2. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

No. 2638. DECEMBER 2, 1921.

Equitable petition. Before Judge George L. Bell. Fulton superior court. March 18, 1921.

*H. A. Etheridge,* for plaintiff in error. *John Y. Smith,* contra.

GEORGE, J. Indiana Johnson filed an equitable petition against Harvey Johnson, a son of the plaintiff, alleging in substance the following: The plaintiff was and is the owner of a house and

lot in the city of Atlanta. She agreed with the defendant to convey to him the said house and lot, "so that he could borrow money and secure the loan by mortgage" on the same. "It was definitely agreed between plaintiff and defendant that this was the only purpose of the conveyance from plaintiff to defendant, and that defendant would reconvey the land to her when the loan had been repaid." Said loan has been repaid, and the defendant refuses to reconvey the property to the plaintiff. The plaintiff prayed for cancellation of the deed. The defendant filed an answer to the petition, in which he admitted the execution of the deed by the plaintiff to the defendant, but denied that he had agreed to reconvey the property to the plaintiff when the loan had been repaid. He averred that the property was conveyed to him unconditionally, and that he was the true owner thereof. Upon the trial of the case it appeared that the loan on the property had been repaid; the plaintiff testifying that she had paid the loan either in whole or in part out of funds belonging to her, and the defendant testifying that he had paid the loan in whole or in part out of funds belonging to him. The court instructed the jury as follows: "If the plaintiff agreed with her son and he agreed with her that she would convey the property for the purpose solely of allowing him to borrow money on this property and that he would reconvey it to her when the loan was paid off, she would be entitled to recover; and if these are the facts, it doesn't make any difference who paid off the loan, whether she paid any part of it or not, or paid all the interest or any part of it or not." The jury returned a verdict for the plaintiff. The defendant filed a motion for new trial based upon the usual general grounds and upon the court's charge to the jury quoted above. The motion was overruled, and the defendant excepted.

1. In view of the issue made by the pleadings in the case, the charge quoted above is not error requiring the grant of a new trial.

2. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*