### 19271. MILLER *v.* SHAW *et al.*

Argued February 14, 1956—Decided March 12, 1956.

*Calhoun & Calhoun, Clarence H. Calhoun, Jr.,* for plaintiff in error.

*Guy Parker, Harold Sheats,* contra.

Almand, Justice. The exception here is to an order sustaining demurrers to an equitable petition, seeking in two counts specific performance of an oral contract to devise real estate, and the reformation of a warranty deed.

James B. Miller filed a petition against Mrs. Emma S. Miller et al., in count 1 of which he alleged: The defendants constitute all the heirs at law of Lillian S. Rivers, who died intestate on October 13, 1954, and no administrator has been appointed. At

the time of her death the intestate owned in fee simple a described tract of land which was conveyed to her by the plaintiff on April 14, 1953. The intestate had requested the plaintiff to sell her the described tract of land, that she might construct thereon a dwelling house in which to live, but he advised her that he did not care to sell the same, but would convey said property to her if she would devise it to him in her will and thereby reinvest him with title to the tract; and she orally promised the plaintiff that she would leave a will devising said real estate to him at her death. Relying on this promise, the plaintiff conveyed said real estate to the intestate by warranty deed. The deed was set out as an exhibit to the petition, the same being a straight warranty deed without any conditions or promise on the part of the intestate to devise the property to the plaintiff. It was further alleged that the intestate died without leaving a will, and the plaintiff has made demand upon each of the defendants that they comply with the terms of the oral contract between him and the intestate; that two of the defendants agreed to comply with the request, but the other three have refused; and that, since making said deed of conveyance, the plaintiff has remained in possession and control of said property. The prayers of this count were for a decree of specific performance of the oral contract between the plaintiff and the intestate.

In count 2, in addition to the facts alleged in count 1, it was alleged that the recital of a consideration of $1 in the deed does not express the true agreement between the parties, and is the result of a mutual mistake, in that the actual, real, and true consideration of the deed was not the sum of $1, but was the promise on the part of the intestate to make a will and devise the land to the plaintiff; that both parties, in the preparation and execution of the deed, acted under a mistake as to the law pertaining to recital of consideration in deeds of conveyance, and believed it necessary, in order to carry out the intention of the parties, that a nominal money consideration be recited, both parties believing, intending, and agreeing that the true consideration was the intestate's promise to will and devise the property to the plaintiff at her death. The prayers of the second count were that the deed be reformed to state and carry out the true consideration and agreement of the parties, and that the oral contract be specifically performed.

During the oral argument in this court, counsel for the defendants stated that, after the plaintiff had executed the deed to the intestate, she had constructed a house on the property. The opinion of the trial judge, as incorporated in the brief of the defendants in error, discloses that he construed the pleadings as indicating that the intestate had built a house on the lot in question and lived on the premises for about a year. There are no averments in the petition that a house had been constructed on the lot, but there are specific allegations that the plaintiff has retained possession and control over the lot since he executed the deed. Our construction of the pleadings, therefore, must and will be upon the factual allegations therein, and not upon what the actual proven facts may or may not be.

■ It is apparent from the pleadings that the plaintiff is seeking to enforce an oral contract of the intestate to devise the property by will to the plaintiff, made contemporaneously with the execution of the deed by the plaintiff to the intestate, such promise being the moving consideration for the execution of the deed. The question, then, in such circumstances, is, does this oral agreement come within the provision of the statute of frauds, which requires that all contracts for the sale of lands, or any interest in or concerning them, must be in writing? Code § 20-401 (4). On this question, certain prior decisions of this court on similar facts appear to be in irreconcilable conflict.

The decision in *Shaprio* v. *Steinberg,* 175 *Ga.* 869 (166 S. E. 767), a unanimous opinion, appears to be in conflict with the earlier unanimous decision in *Waters* v. *Waters,* 124 *Ga.* 349 (52 S. E. 425), and the full-bench decision in *Stonecypher* v. *Georgia Power Co.,* 183 *Ga.* 498 (189 S. E. 13). In the *Shaprio* case, the petition alleged that the plaintiffs executed to their mother, the defendant, a deed conveying certain real estate, and that the consideration of the conveyance was an oral agreement by the defendant that, in case of her remarriage, she would immediately reconvey the property by deed to the plaintiffs. It was alleged that the plaintiff had married again and had refused to carry out her agreement to reconvey. It was held that, as against general demurrer, the petition set forth a cause of action for specific performance of the agreement to reconvey notwithstanding the promise was not in writing. In support of this ruling, the court

cited *Stringer* v. *Stringer*, 93 *Ga.* 320 (20 S. E. 242). It was there held that it was error to sustain a general demurrer to a petition in which the plaintiff alleged that he had sold a tract of land to the defendant in consideration of $500, which had never been paid. It was alleged that it was agreed orally between the parties at the time the deed was made that, if the plaintiff ever got in needy circumstances and needed help, the defendant would furnish him with support as long as he needed the same, at least up to the amount of $500; and it was alleged that he had become in needy circumstances, but the defendant failed to support him. He prayed a judgment requiring the defendant to carry out his contract. No effort was made in that case to require the defendant to reconvey the property to the plaintiff, but it was simply an attempt to require the defendant to pay the amount of consideration recited in the deed. The opinion in the *Shaprio* case also cited *May* v. *Sorrell*, 153 *Ga.* 47 (111 S. E. 810), in support of the ruling. An examination of the facts in that case shows that the plaintiff conveyed a tract of land to the defendant, who went into possession, and to the plaintiff's petition seeking a reformation of the deed, the cross-petition of the defendant, seeking specific performance, showing full payment of the purchase money, was held not subject to the plaintiff's demurrers. That case did not involve the enforcement of an oral agreement. Also cited is *Giradot* v. *Giradot*, 172 *Ga.* 230 (157 S. E. 282). There, in a suit by a wife against her husband for specific performance of a contract and for damages, it was alleged that, prior to their marriage, the wife owned and operated a retail store, and on the insistence of the husband that, immediately upon the consummation of the marriage, he would give her a stated sum of money and execute to her a deed conveying a life interest in certain real estate if she would sell her stock of goods and marry him, she did so. It was held that the contract was within the statute of frauds; that marriage alone was not such part performance of the parol agreement as would take the case out of the statute, but that "the marriage and the sale of the store and removal to the defendant's home, in pursuance of the parol agreement, was such part performance as would take the case without the statute of frauds."

The ruling in the second division of the *Shaprio* case has been

cited three times by this court. In *Guffin* v. *Kelly*, 191 *Ga.* 880, 887 (14 S. E. 2d 50), it was held that the donee in a gift of real estate under a deed held title to the same on the theory of an implied trust. In citing the *Shaprio* case, the Justice who had written the opinion in the *Shaprio* case said: "Whether the decision is sound or unsound, it would in no wise prevent a recovery in the present case, based on the theory of implied trust. With further reference to the question there dealt with, see *Robson* v. *Harwell*, 6 *Ga.* 589, including dissenting opinion by Warner, J." In *Day* v. *Parham*, 192 *Ga.* 484 (4) (15 S. E. 2d 714), the case was cited in this manner: "Whether or not the petition stated a cause of action for specific performance of the *oral* agreement, and whether or not the prayer for that relief was appropriate . . . yet, since the petition stated a cause of action for part of the relief sought, it was not subject to general demurrer," citing the *Shaprio* and *Guffin* cases. That case was likewise one involving an implied trust. It will thus be seen that the *Shaprio* case is in accord with the dissenting opinion of Judge Warner in the *Robson* case, but is in conflict with the majority opinions of Judges Nisbet and Lumpkin.

In *Stonecypher* v. *Georgia Power Co.*, 183 *Ga.* 498, supra, the facts were that A conveyed by deed land to B, which deed recited as the only consideration a stated amount of money, and B went into possession, and contemporaneously they entered into an oral agreement, made as a part of the contract, for the sale of the land, that B could purchase, at the option of B during A's lifetime, an adjacent tract of land for a stated sum. This oral agreement was held to be unenforceable as a part of the contract, because violative of the rule that a parol agreement can not add to or vary the terms of a valid written contract. This was a unanimous decision. Cited in support of the ruling, were the majority opinions in *Robson* v. *Harwell*, 6 *Ga.* 589, where A, the owner of certain real estate, by warranty deed conveyed the same to B, the consideration being the oral promise of B to put a certain number of slaves on the property to cultivate the same, B promising that during his lifetime he would convey the property to A's named child. B died without conveying the property, and A's child brought a bill to require the administrator of B to specifically perform this contract. It was held that, since the

petition contained no allegations charging fraud on the part of B, and no trust could be implied, parol evidence was not admissible to vary the terms of the deed. The ruling of the majority in this case was followed in *Sullivan* v. *Cotton States Life Ins. Co.*, 43 *Ga.* 423, and *Bostwick* v. *Duncan, Johnston & Co.*, 60 *Ga.* 383, which were unanimous opinions.

In *Cassels* v. *Finn*, 122 *Ga.* 33 (49 S. E. 749, 68 L. R. A. 80, 106 Am. St. R. 91, 2 Ann. Cas. 554), at page 35, this court, in citing the *Robson* case, supra, quoted from the opinion of Judge Lumpkin in that case, as follows: "The rule I am contending for is not only the rule of the books, but it is the dictate of sound reason. Let the doctrine be once established that a failure to comply with a parol promise made contemporaneous with a deed is, ipso facto, a fraud and can be proved, and the promise decreed to be performed in equity on the ground of fraud, and you do what the Master of Rolls, in Portmore v. Morris, refused to do—*demolish one of the foremost rules of law.*" This court in a unanimous opinion in *Cottle* v. *Tomlinson*, 192 *Ga.* 704 (1) (16 S. E. 2d 555), held that all previous verbal negotiations respecting a sale are merged in the subsequently written contract, and that it is not permissible to prove a prior or contemporaneous parol agreement which has the effect of varying the terms of the written contract, and in the opinion (p. 712), it was said: "Where the consideration in a deed is expressed merely by way of recital, it is permissible to show by parol testimony that the true consideration is in fact different from that expressed in the instrument; but where the consideration is so expressed as to make it one of the terms and conditions of the deed, one of the parties thereto can not, under the guise of inquiring into its consideration, alter the terms of the instrument"; and in support of this statement, the *Stonecypher* case (183 *Ga.* 498, supra) was cited.

In the *Waters* case (124 *Ga.* 349, supra), the petition alleged that Mrs. Waters owned a tract of real estate and executed to her son a warranty deed thereto; that the deed was executed on the agreement that the son would permit her to remain in possession and control of the land during her life, "this agreement being made simultaneously with the execution of the deed and understood as part of the consideration thereof"; that the son had conveyed this property to another, who took the property with

notice of the agreement. One of the prayers of the petition was that, if it should be decreed that title was in the defendant son, such title be decreed to give him an estate in remainder to take effect only after the death of the mother. This court by a full-bench decision, in sustaining the judgment dismissing the case on demurrer, held that the prayer of the mother to have a life estate in the property decreed in her was nothing more or less than engrafting a parol agreement upon a written instrument, changing the estate conveyed by the written instrument, and relief by way of specific performance was not available without a reformation of the deed from the mother to her son.

In our opinion, the facts alleged in the instant case bring it clearly within the ruling in the *Stonecypher* case, supra, and the plaintiff is not entitled to specific performance of the oral contract under either count of the petition. The ruling in the *Stonecypher* case is based upon the majority opinions in the *Robson* case, which ruling was subsequently approved by unanimous decisions of this court, whereas the ruling in the *Shaprio* case is in conflict with the majority opinions in the *Robson* case, and being in conflict with prior unanimous decisions, will not be followed in this case. We are of the opinion that the *Stonecypher* case states the correct rule as applied to the facts in the instant case. It is apparent that the oral agreement of the intestate to devise the property conveyed by the warranty deed was the sole moving consideration for the execution of the deed, and was not an agreement collateral to, independent of, or distinct from the written deed, and does not fall within that class of oral contracts independent of, and collateral and not inconsistent with, the written contract, which may be specifically performed, as involved in *Giradot* v. *Giradot*, 172 *Ga.* 720 (supra), and *Langenback* v. *Mays*, 205 *Ga.* 706 (1) (54 S. E. 2d 401, 11 A. L. R. 2d 1221), and cases cited therein. Nor does this case fall within those cases of inceptive fraud and implied trusts, such as *Johnson* v. *Johnson*, 152 *Ga.* 300 (110 S. E. 211), and *Guffin* v. *Kelly*, 191 *Ga.* 880 (supra). Under the allegations of the instant petition, the plaintiff is seeking to engraft upon a written deed an oral contract alleged to have been made between the parties contemporaneously with the execution of the deed and wholly inconsistent with the deed, which is not permissible. It was not error to sustain the

general demurrer to count 1, and to so much of count 2 as sought the relief of specific performance.

■ In our opinion, it was error to sustain the demurrers to count 2 of the petition, in so far as it sought reformation of the deed. As against general demurrer, the petition was sufficient to allege a cause of action on account of a mutual mistake of law. Code §§ 37-202, 37-204; *Mason* v. *Cobb,* 148 *Ga.* 469 (96 S. E. 1042); *White & Hamilton Lumber Co.* v. *Foster,* 157 *Ga.* 493 (1) (122 S. E. 29); *Sapp* v. *Ritch,* 169 *Ga.* 33 (149 S. E. 636); *Gibbs* v. *H. T. Henning Co.,* 189 *Ga.* 675 (7 S. E. 2d 238). Compare *Waters* v. *Waters,* 124 *Ga.* 349 (supra). It is distinctly alleged in the petition that, instead of reciting $1 as the true consideration for the deed, it was intended that the consideration actually agreed on between the parties was the promise of the intestate to devise the property to the plaintiff in her will. As against the general and special demurrers interposed, the petition sufficiently alleged a cause of action for reformation.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, P. J., not participating.*