20500.   HEAD *v.* STEPHENS *et al.*

SUBMITTED JUNE 8, 1959—DECIDED JULY 8, 1959.

*Preston L. Holland,* for plaintiff in error.

*Frank E. Blankenship, G. Eugene Ivey,* contra.

WYATT, Presiding Justice. 1. We first consider the ruling on the demurrers filed by Mrs. E. B. Stephens. In ground 6 of the renewed demurrers, it is contended that the petition should be dismissed because the amendment sought to change the cause of action from one at law to one in equity. This ground should have been overruled. A petition at law may be changed to a petition in equity by amendment not otherwise objectionable. *Johnson* v. *Boyd,* 202 *Ga.* 531, 532 (43 S. E. 2d 524); *Bank of Tifton* v. *Bryan,* 194 *Ga.* 735 (22 S. E. 2d 467).

2. There is no merit in ground 7 of the renewed demurrers, in which it is contended that the petition as amended seeks to change the cause of action from one ex contractu to one ex delicto. The petition as amended and as originally filed seeks in each case to establish and enforce a contract. This ground of demurrer should have been overruled.

3. Grounds X, X (sic), XI, and XII contend that the petition does not allege sufficient facts to entitle the plaintiff to a special lien for the amount paid to First National Bank; to a lis pendens, and to costs of litigation. Assuming that the allegations of the petition are true, which we must do in ruling on demurrers, the petition does set out facts which, if proved, will entitle the plaintiff to the relief sought in the portions of the petition attacked. It was error to sustain these grounds of demurrer.

4. With these matters disposed of, we come to the real issue in this case, which is raised in one way or another by the remaining grounds of the demurrer. This question is whether the petition as amended sets out a cause of action for the reformation of the deed in question. The petition alleges that the parties to the deed orally agreed that the consideration was to be $850 cash for the plaintiff's equity and that the defendants were to assume and pay the loans on the property above referred to. It is alleged that, due to a mutual mistake of law as to the effect of a recital of a nominal consideration in a deed, the deed failed to state the true consideration agreed on by the parties. In this respect, the instant case is almost identical with *Miller* v.

*Shaw,* 212 *Ga.* 302 (92 S. E. 2d 98), where it was held that it was error to sustain a demurrer to count two of the petition, in which reformation of a deed because of a mutual mistake of law was sought. Code §§ 37-202 and 37-204 provide for reformation of contracts because of a mutual mistake of law. See also *Mason* v. *Cobb,* 148 *Ga.* 469 (96 S. E. 1042).

The fact that the agreement was not in writing will not bar a recovery, since what is sought to be enforced is not an oral agreement which is barred by the statute of frauds, but to reduce to writing the true agreement between the parties, to prevent an unconscionable advantage to one of the parties to a contract. In *Wyche* v. *Greene,* 11 *Ga.* 159 (2), it was said: "If a writing has been executed with a view of obtaining a particular object, and by mistake it has been so drawn as not to have the contemplated operations at law, chancery will reform the instrument, so that it will fulfill the intention of the parties. Agreements, whether executed or executory, within or without the statute of frauds, whether for the conveyance of real or personal property, will be reformed by courts of equity, on the ground of mistake." See also *White & Hamilton Lumber Co.* v. *Foster,* 157 *Ga.* 493 (122 S. E. 29), and cases cited.

It is contended by the defendants in error that the demurrer was properly sustained because the petition seeks to vary by parol evidence the terms of a written instrument. There is no merit in this contention. "Under the provisions of section 4572 of the Code (1910), resort to parol evidence is necessary to reform the instrument. A written instrument is evidence of what the parties intended to do; but when a party seeks reformation of an instrument, the instrument is not the best evidence in such controversy. The very purpose of resorting to parol evidence is to contradict the instrument." *Sapp* v. *Ritch,* 169 *Ga.* 33, 35 (149 S. E. 636). See also cases there cited and *Green* v. *Johnson,* 153 *Ga.* 738 (113 S. E. 402), and *Nelson* v. *Spence,* 129 *Ga.* 35, 36 (58 S. E. 697). It therefore appears that the petition sets out a cause of action for reformation of the deed, to make it state the true agreement between the parties. It was therefore error to sustain the demurrers to the petition as amended.

5. With reference to the sustaining of the motion to dismiss

made by Mrs. Janelle S. Scott, it is sufficient to say that the deed itself attached to the petition shows that she was an original party to the deed and is a necessary party to this proceeding, and what has been said above applies equally to the ruling on her motion to dismiss the petition.

6. From what has been said above, the judgment of the court below, sustaining the demurrers of Mrs. E. B. Stephens and the motion to dismiss made by Mrs. Janelle S. Scott, was error.

*Judgment reversed. All the Justices concur.*