21710. HEAD v. STEPHENS et al.

CANDLER, Justice. On a prior appearance of this case, it was unanimously held that the allegations of the petition as amended were sufficient to state a proper cause for the reformation of a deed which the plaintiff executed and delivered to the defendants, Mrs. E. B. Stephens and Mrs. Janelle S. Scott to certain lands in Clayton County. See *Head v. Stephens,* 215 Ga. 184 (109 SE2d 772). The only facts which need be presently stated are these: The deed which Head gave Mrs. Stephens and Mrs. Scott recites a consideration of "Ten dollars and other valuable consideration." The grantor alleges that he and the grantees orally agreed that the actual consideration for the land conveyed by such deed was $850 for his equity in it, and assumption and payment by the grantees of two loans secured by deeds he had given on the property, one being for $8,832.31 to Jefferson Mortgage Company, and the other for $685.40 to the First National Bank of Atlanta. On the trial, defendants admitted that they had in writing assumed full payment of the $8,832.31 note which Head owed Jefferson Mortgage Company as a part of the consideration they agreed to pay for the property purchased from him, and that they were regularly paying the installments on that loan as they matured. However, they positively denied that they, as a part of the consideration to be paid by them for the land so purchased, assumed and agreed to pay the note for $685.40 due by Head to the First National Bank of Atlanta. The only issue which the court submitted to the jury for determination was whether or not the defendants assumed and agreed to pay the note for $685.40 Head

owed the First National Bank of Atlanta, which is referred to in the pleadings and the evidence as a home-improvement loan, and whether or not the deed should be reformed so as to include payment of that note as a part of the consideration defendants agreed to pay for the property purchased from Head. As to this, the jury found in favor of the defendants, and on that verdict a decree was accordingly entered. In due time, Head moved for a new trial on the usual general grounds and later amended his motion by adding a special ground complaining about a portion of the court's charge. His motion as amended was overruled and the exception is to that judgment. *Held:*

1. Since the verdict was amply supported by evidence, there is no merit in the general grounds of the motion for new trial. Both of the defendants positively swore that they did not assume and agree to pay the note for $685.40 which Head owed the First National Bank of Atlanta as a part of the consideration for the land purchased from him; but both also testified that they did in writing assume and agree to pay the note for $8,832.31 Head owed the Jefferson Mortgage Company and that payment of the latter note and $850 which was paid to Head in cash by them was the actual and only consideration they were to pay Head for the land purchased from him.

2. The judge in his charge to the jury gave the following instruction: "A court of equity will reform a deed, when from mutual mistake or mistake common to both parties, an instrument does not express the true agreement of the parties. Equity in a proper case may reform a deed because of mistake of both parties, but the evidence must be such as to satisfy the jury that the mistake was mutual." Movant in an amendment to his motion for a new trial alleges that the following portion of the quoted excerpt from the charge is erroneous: "Equity in a proper case may reform a deed because of mistake of both parties but the evidence must be such as to satisfy the judge that the mistake is mutual." It is movant's contention that the words *"must* be such" renders the complained-of portion of the charge erroneous. It is his contention that the court, instead of using the words *"must* be such," should have used the words *"should* be such." Clearly this ground of the motion does not require a reversal of the complained-of judgment.

*Judgment affirmed. All the Justices concur.*
ARGUED JULY 9, 1962—DECIDED JULY 16, 1962.

*Frank E. Blankenship,* contra.