### 22542. KUTTNER v. MAY REALTY COMPANY.

QUILLIAN, Justice. The instant case involves the construction of a contract for the sale of certain shares in a corporation. The plaintiff alleges that she sold the shares to the defendant corporation for a certain stated sum as down payment with the balance to be paid by a series of 13 promissory notes which became due over a 13-year period. The written contract attached to the petition as an exhibit provided: "Each note is to bear interest at rate of five percent (5%) per annum, interest payable annually. Each note shall be payable on or before maturity." According to the allegations of the petition, at the time the written contract was entered into the parties orally agreed that the interest would be paid to the

plaintiff on the unpaid balance and in any and all events would be paid annually; that after the contract was executed, the defendant instituted a policy of prepaying the notes before they matured, over the plaintiff's objections, in order to cut off and forestall the further accrual and payment of interest on the notes, in violation of the contract and in an effort to defeat the obligation of the contract as to the payment of interest over the full period of 13 years.

The plaintiff prayed for the recovery of the amount she contends the defendant "saved" by paying the 10 notes before maturity rather than when each note matured, and that the defendant be enjoined from paying the last three notes before they become due. The trial judge sustained the defendant's general demurrer to the petition. *Held:*

The plaintiff's right to relief is predicated on the contention that the terms of the contract are vague and ambiguous so that she might be permitted to introduce extrinsic matter in order to show what the parties actually intended. She urges an oral agreement regarding the payment of interest which she alleges was entered into contemporaneously with the written agreement attached to the petition as an exhibit.

The purported parol agreement would contradict and vary the express and positive terms of the written agreement. Such agreement would constitute an attempt to engraft a contradictory condition upon an unambiguous written agreement, which is not permissible under our law. For, the rule is well settled: "Before parol evidence can be admitted to show a collateral agreement, it must appear, either from the contract itself or from the attendant circumstances, that the contract is incomplete, and that what is sought to be shown as a collateral agreement does not in any way conflict with or contradict what is contained in the writing." *Brosseau v. Jacobs Pharmacy,* 147 Ga. 185 (2) (93 SE 293); *Gibson v. First Nat. Bank,* 158 Ga. 350, 353 (123 SE 606); *Lively v. Munday,* 201 Ga. 409, 420 (40 SE2d 62, 173 ALR 1295); *Miller v. Shaw,* 212 Ga. 302, 308 (92 SE2d 98).

Where a contract provides for the payment of notes "on or before maturity" this court has held that the maker would necessarily have the right to pay the principal plus accrued interest at any time before maturity and thereby be relieved from paying unearned interest. *Garner v. Sisson Properties Inc.,* 198 Ga. 203, 205 (31 SE2d 400). In the instant case the terms of

the contract are clear and unambiguous, as interpreted by this court, so as to allow early payment in order to avoid payment of unaccrued interest. Hence, the petition alleges no more than that the defendant was acting as it was legally entitled to do.

No cause for the recovery of interest nor for injunction having been set forth, the trial judge correctly sustained the general demurrers to the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 9, 1964—DECIDED JULY 9, 1964.

*Clower & Royal,* for plaintiff in error.
*Wright, Walther & Morgan,* contra.